KIRKSEY *vs.* STEWART & LUCIUS.

[BILL IN EQUITY TO ESTABLISH GIFT OF SLAVES AGAINST EXECUTION CREDITORS OF GRANTOR.]

1. *Marshalling securities between grantee and execution creditors of grantor.*—The grantee in a deed of gift cannot maintain a bill in equity against subsequent execution creditors of the grantor, to compel a resort by them to lands conveyed by the grantor in trust for their benefit.
2. *When wife may come into equity.*—A married woman cannot come into equity, to protect her interest in slaves, which she claims under a verbal gift, against subsequent execution creditors of the grantor; nor where she claims under a deed of gift, and shows by her bill that the trustee, to whom the legal title was conveyed for her use, has interposed a claim at law.

APPEAL from the Chancery Court at Tuskaloosa.
Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed, on the 23d September, 1861, by Jared E. F. Kirksey, and Elizabeth Kirksey, his wife, against Stewart & Lucius, Robert H. Patterson, John W. Womack, and others. Its material allegations may be thus stated: Mrs. Kirksey was the daughter of said Robert H. Patterson, and married said Jared E. F. Kirksey on the 5th October, 1858. In 1836, while said Elizabeth was a minor, and living with her father, he gave her verbally a negro woman, by name Mahala, who, with her increase since that time, is the subject of this suit. On the 24th March, 1840, Patterson conveyed said slaves, with others, to John W. Womack as trustee, for the use and benefit of the said Elizabeth and her two sisters; the deed containing the following provisions: "To have and to hold the said slaves, together with all their future increase, to the said John W. Womack, for the space of twenty years from the date of these presents; the said slaves to remain on the premises, in my possession, and with the children, as they now do; and the annual proceeds and profits of

their labor and industry to be applied by said Womack to the support and proper education of my said children, he receiving annually the said proceeds and profits, and applying them to the said purpose; and, after the lapse of the said twenty years, the said slaves to be given up, and equally divided by the said trustee among my said children, and among my other children which may be born to me by my present wife; and the said slaves then to be and remain the property of my said children, and to the children which may be born by and to them, forever." On the 1st March, 1859, Stewart & Lucius became accommodation endorsers for said Patterson, on several bills of exchange and notes; and to secure and indemnify them against liability on their said endorsements, Patterson conveyed a tract of land to one Jennings as trustee, with power to sell, and apply the proceeds to the payment of said bills and notes. At the time Stewart & Lucius assumed this liability for Patterson, they had notice of the prior verbal gift of the slaves to Mrs. Kirksey, and the deed of trust on the land afforded them ample indemnity; yet, having obtained judgments against Patterson, in September, 1860, for the amounts which they had paid on their accommodation endorsements for him, they had their executions levied on said slaves. On the 27th March, 1860, Womack instituted an action of detinue against Patterson to recover the slaves; and on the 31st October, 1860, the executions of Stewart & Lucius having been levied on the slaves, he interposed a claim, and gave bond for a trial of the right of property under the statute; and both of these suits were pending when the bill was filed.

The prayer of the bill was, "that the said slaves may be set apart and decreed to be the property of said Elizabeth, by virtue of said verbal gift from her father;" that Stewart & Lucius "be perpetually enjoined from proceedings to subject said slaves to the satisfaction of their said executions;" that Womack "be perpetually enjoined from seeking to recover the possession of said slaves under said deed to him;" and, if the verbal gift of the slaves should be

held invalid, that Stewart & Lucius "be enjoined from proceeding to subject said slaves to the satisfaction of their executions, until they have first exhausted their remedy under said deed of trust on said land."

The chancellor sustained a demurrer to the bill for want of equity, and his decree is now assigned as error.

VAN HOOSE & POWELL, for appellants.

E. W. PECK, *contra*.

STONE, J.—No question can arise in this case on the doctrine of marshalling securities. If the female complainant has any right to the slaves in controversy, it rests either on the alleged gift by Mr. Patterson, her father, made in 1836, or on the trust deed executed by Mr. Patterson to Mr. Womack in 1840. If either of these alleged titles be worth anything, it must prevail over the attempt of Stewart & Lucius to subject the property to the payment of Mr. Patterson's debt, contracted many years afterwards. The claim of the complainant is not an alleged lien, but a title to the property; either an absolute title, that must prevail over all others, or a groundless pretense. Such a case furnishes none of the ingredients for a bill to marshal securities.—Willard's Equity, 337; 1 Story's Equity, § 633.

[2.] So far as the bill rests on the alleged gift to Mrs. Kirksey, the remedy at law is simple, adequate, and complete. In the other aspect of the case—that which relies on the trust deed executed to Mr. Womack—the bill not only fails to allege that Mr. Womack refuses to assert his title at law, but, on the contrary, charges positively that he has interposed his claim at law, which is now pending and undetermined. In such case, a beneficiary under the deed has no excuse for invoking the powers of the chancery court.—*Rainey v. Rainey*, 35 Ala. 282 ; *Calhoun v. Cozzens*, 3 Ala. 498.

The decree of the chancellor is affirmed.