## LATHAM ET AL. *vs.* STAPLES.

[BILL IN EQUITY TO ENFORCE VENDOR'S LIEN.]

1. *Vendor's lien, when exists; how may be enforced.*—L., the vendee, being indebted to H., the vendor, for the purchase-money of land, the indebtedness constituting a vendor's lien thereon, L., at the request of H., gave his promissory note to S., a creditor of H., for the amount due by H., and received a corresponding credit from H. for the amount of the note given S., all the parties agreeing at the time that the note thus given to S. should carry with it a vendor's lien to the amount of the note,—*Held*, that S. might enforce a vendor's lien on the land by bill in equity against L., and that H. was a proper party defendant to the bill.

2. *Unsworn answer, denials in; when prevail.*—When a cause is heard upon the bill and exhibit to the bill, the answer and exhibits to the answer of one of the defendants, and a decree *pro confesso* against the other defendant, and the complainant has waived the oath of the defendants to the answers, and there is no testimony taken by any of the parties, and the answer submitted on the hearing is a responsive denial of all the grounds of equity alleged in the bill, such an answer must prevail against the bill.

3. *Unsworn answer, effect of; what required to overturn.*—An unsworn answer does not lose all force as evidence in a cause where it is responsive to the bill. It only changes the rule that requires the testimony of two witnesses, or one witness and strong corroborating circumstances, to overturn it. A mere preponderance of evidence is sufficient for that purpose.—Rev. Code, § 3352.

4. *Final decree on reversal, when will not be rendered by supreme court.*—A decree will not be rendered here, when it is possible that a different result more favorable to justice, might be obtained by remanding the cause,

APPEAL from Chancery Court of Calhoun.

Heard before Hon. B. B. McCRAW.

On the 24th of September, 1864, Staples filed his bill against Latham and Hollingsworth, alleging that Latham bought a tract of land, lying in this State, from Hollingsworth, in the year 1865, for the sum of about seventeen hundred dollars, and that, to secure the payment of this sum, he executed his written obligation for that amount, payable to Hollingsworth; that after this sale, Hollingsworth became indebted to Staples by promissory note in the sum of $300. On this last named note there was a payment of forty dollars, which left a balance of $260 due from Hollingsworth to Staples; that afterwards, Staples, Hollingsworth and Latham met together, and entered into an agreement that Latham should give his note to Staples for the amount that was due from Hollingsworth to Staples, and have a credit for the same on the note to Hollingsworth for the purchase-money of the land; that in conformity with this agreement, Latham executed and delivered his note to Staples for $260, and received a credit for the same on the note to Hollingsworth for the purchase-money of the land, and Hollingsworth was discharged from his liability to Staples; that the note for $260, thus given by Latham to Staples, was a transfer of so much of the claim for the purchase-money of said lands as the amount of said $260, and that this transfer carried with it, by agreement of the parties, the vendor's lien on the land sold by Hollingsworth to Latham to the amount of the note to Staples. The bill is filed to enforce this lien in favor of the complainant, Staples. There was a demurrer by Latham to the bill for want of equity and misjoinder of parties. This was overruled. Latham then answered without oath, his answer on oath having been waived, and flatly denied, from personal knowledge, all grounds for the equitable lien set out in the complainant's bill. Hollingsworth failed to answer, and a decree *pro confesso*, on publication, was taken as to him. The cause was heard upon the bill and exhibit, the answer of Latham and exhibits, and the decree *pro confesso* against Hollingsworth. There was no testimony taken by any of the parties. The chancellor decreed that the complainant

Staples was entitled to a vendor's lien on the lands sold by Hollingsworth to Latham, and mentioned in the bill, to the extent of the note for $260, and decreed that the lien to this extent be enforced by sale.

From this decree Latham brings the case by appeal to this court, and here assigns the proceedings in the court below for error.

WALKER & MURPHEY, for appellant.—The equity of the bill (if it contains any,) obviously depends upon the allegation that Latham gave his note to Staples, accepting a credit pro tanto upon his debt for the purchase-money of land to Hollingsworth, and that there was thus transferred to Staples, the complainant, a part of the debt of Hollingsworth for the purchase of the land, with an agreement for the continuance of the lien.

Now, all the allegations of the bill on this subject are positively denied. There was no proof sustaining the bill, and of course the complainant was not entitled to a decree.

The vendor's lien would have been lost by the discharge of Latham pro tanto from liability to Hollingsworth, and the giving of a new note to Staples.—Bradford v. Harper, 25 Ala. 337 ; Hall v. Click, 6 Ala. 363.

The averment that there was an agreement for the continuance of the lien in favor of Staples is denied, but if proved it would have been of no avail, unless in writing.

TAUL BRADFORD, contra.

PETERS, J.—There can be no doubt now, that in this State, a promissory note given for the purchase-money of land is secured by a vendor's equitable lien upon the land sold, unless, in the contract of sale, this lien has been released. This lien attaches to the debt, and is transferable with the note for the purchase-money; though, at the same time, it may be released when the note is assigned without recourse, or when the debt itself is changed without intention to preserve the lien.—Conner v. Banks,

18 Ala. 42; *Kelly v. Payne*, 18 Ala. 371; *Brooks v. Woods*, 40 Ala. 538; *White v. Stover et al.*, 10 Ala. 441; *Haley v. Bennett*, 5 Port. 452; *Hall's Ex'rs v. Click et al.*, 5 Ala. 363; *Day v. Preskett*, 40 Ala. 624; *Griggsby v. Hair*, 25 Ala. 327; *Bradford v. Harper*, 25 Ala. 337; *Newsome et al. v. Collins*, 43 Ala. 656; 4 Kent, 150, *et seq.* The transfer of the note thus made for such purchase-money on a sale of land may be by parol. It is not a transaction that is affected by the statute of frauds. It is the debt that is parted with, and not the land; and the debt carries along with it all its incidents, if there be no stipulation to the contrary.—40 Ala. 624, 628, *supra.* But here the bill alleges that a portion of the debt for the purchase-money was transferred, and that the lien allowed by law for its security was likewise expressly transferred with it, by agreement of all the parties interested in it. In such case, all the owners of the debt entitled to participate in the fruits of the lien should be made parties to the suit to enforce the lien.—25 Ala. 327, *supra.* The demurrer was therefore properly overruled.

The cause in the court below was heard on bill and answer, without testimony, but the complainant waived the oath of the defendant to the answer. In such case, the answer, when it contradicts the allegations of the bill, is a mere pleading, and it is still required that the allegations of the bill shall be sustained by some proof sufficient to overturn the contradictions of the answer; but the force of this proof may be simply that of a preponderance of the evidence in favor of the complainant, without demanding, as in case of a sworn answer, two witnesses, or one witness with strong corroborating circumstances, to outweigh the denials of the answer. The Code changes the former rule.—Rev. Code, § 3352; *State B'k v. Edwards et al.*, 20 Ala. 512; *Mosser v. Mosser*, 29 Ala. 313; *Paulding v. Watson & Eidson*, 21 Ala. 279; Greenl. Ev. pp. 8, 9. The allegations of the bill which support the equity of the complainant's case, are directly and fully contradicted by the denials of the answer, made upon the personal knowledge of the defendant, and there is no evidence sufficient

to support the bill. In such case, the denials of the answer must prevail.

For the foregoing reasons the decree of the court below must be reversed. And although this court is clothed with the power to render such judgment here as the court below should have rendered, yet, as the cause might thus be disposed of on a mere suggestion in the pleadings, for which no one but the pleader who drew up the unsworn answer would be responsible, and the complainant is entitled to support his bill by his own testimony, which may not be contradicted by the defendant, the cause will be remanded for final disposition in the court below, where the ends of justice may be more certainly and more fully attained.—Revised Code, §§ 3502, 2704.

Let the decree of the court below be reversed, and the cause remanded. The appellee, Staples, will pay the costs of this appeal in this court and in the court below.