[Scott, Admrx. v. Brassell.]

# Scott, Admrx. *v.* Brassell.

*Bill in Equity to foreclose Mortgage.*

[Decided June 28, 1902.]

1. *Evidence; when certified copy of mortgage introduced in evidence.*—Where a bill is filed to foreclose a mortgage, and it is averred in the bill and admitted in the answer that the original mortgage had been lost or misplaced and could not be found after diligent search, but that the execution of said mortgage had been proved according to law, and it was recorded within twelve months from its date, a duly certified copy of such mortgage from the records of the judge of probate, is admissible in evidence.

2. *Bill to foreclose mortgage; equity practice; when complainant not entitled to relief.*—Where a bill is filed to foreclose a mortgage which was given to secure a note, and it is averred in said bill that the mortgage debt had not been paid, and the law day of the mortgage had passed, and in said bill an answer under oath is expressly waived, and the defendant in his sworn answer avers that the debt secured by the mortgage had been fully paid before the institution of the suit, and there was no testimony taken in the case, but the complainant submitted the cause upon the original bill and exhibits thereto, a certified copy of the mortgage and the note secured by it, and also upon the answer of the defendant, and the defendant submitted the cause upon his answer, the complainant is not entitled to recover for the reason that by his submission he makes the answer denying that the mortgage debt was unpaid, his evidence, proving thereby the denials of the averments of his bill on which its equity rested.

APPEAL from the Chancery Court of Montgomery.
Heard before the Hon. W. L. PARKS.

The bill in this case was filed by the appellee, A. B. Brassell, against the appellants, for the purpose of foreclosing a mortgage, which was executed to the complainant by Thomas B. Scott and wife to secure the

[Scott, Admrx. v. Brassell.]

payment of a debt therein described, amounting to $240 with interest. The facts of the bill necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

The appeal is taken from the decree of the chancellor granting the relief prayed for; and the rendition of this decree is assigned as error.

GORDON MACDONALD and JOHN D. MCNEEL, for appellant.—By the complainant's submission of the cause, the answer of the respondent was made his evidence and he thereby proved the denials of the answer on which the equity of the bill rested.—*Latham v. Staples,* 46 Ala. 462.

The certified copy of the mortgage was not admissible in evidence.—*Parker v. Edwards,* 85 Ala. 246; *Roney v. Moss,* 74 Ala. 390.

HUGH NELSON and GRAHAM & STEINER, *contra.*

Neither the answer filed by Thomas J. and Mary A. Scott, nor that filed by said Mary A. Scott, as executrix, can be used as evidence *in favor of the defendants. Buchanan v. Buchanan,* 72 Ala. 55; *Goodloe v. Dean,* 81 Ala. 479; *Gordon & Stokes v. Bell,* 50 Ala. 213; *Marks v. Cowles,* 61 Ala., on page 309.

"Where a fact is alleged in a bill and admitted in the answer, the admission is conclusive. The facts admitted are not in issue, and so need not be proved." 1 Ency. of P. & P., 927; *Adams v. Shelby,* 10 Ala. 478; *Walls v. Eufaula Nat. Bank,* 76 Ala. 474.

HARALSON, J.—The bill was filed to foreclose a mortgage on land. Its first section averred, that on the 13th January, 1888, the complainant sold to defendant, Thos. J. Scott, a certain described parcel of land; that said Scott owed complainant $240, as a balance due on the purchase money therefor, and on the 23d January, 1888, he executed to complainant his promissory note therefor, payable on the 23d January, 1889, with interest from date, the original of which it was averred was then in possession of complainant and un-

paid, except that the interest was paid by said Scott on the 25th January, 1895. It is averred in section 3 of the bill, that at the time of the execution and delivery of said note, the said Scott and his wife, Mary A. Scott, executed and delivered to complainant in order to secure the said note, a mortgage on said tract of land so sold to said Scott by complainant, a copy of which mortgage is attached to the bill, and made a part thereof as exhibit B. It is further averred that the original mortgage had been lost or misplaced, and could not be found after diligent search, but the same had been duly probated and recorded, on the 3rd of May, 1888, and complainant offered to produce a certified copy thereof from the records of the probate court. In the mortgage, it is recited that the mortgagor was indebted to the complainant in the sum of $240, evidenced by his promissory note bearing even date with the mortgage.

Scott and his wife answered the bill, in which answer they aver that the debt mentioned in the note and the mortgage to secure same, had been fully paid before the commencement of this suit, and deny that complainant had in his possession the said note. They admit, however, all the allegations of said section 3 of the bill, which contained said mortgage as an exhibit, which mortgage recited the mortgage debt of $240, and it was averred in that section of the bill, that the original mortgage had been lost. The oath to the answer was waived, and it was not sworn to.

Thomas J. Scott died during the pendency of the suit, and Mary A. Scott, having qualified as his executrix, filed a separate unsworn answer, in which she denied the allegation of the indebtedness of her testator as averred in the bill.

There was no testimony taken in the cause. The submission states: "The complainant being called, offers the following testimony, to-wit, (1) Original bill and exhibits; (2) Certified copy of the mortgage described in the bill; (3) Original note secured by mortgage; (4) Decree *pro confesso* v. Interstate B. & L. Ass'n; (5) Answer of Thomas J. and Mary A. Scott to

original bill which answer was filed on the 8th April, 1899." The defendant submitted on the answer of Mary A. Scott as executrix, with objection to proof by plaintiff of the mortgage by certified copy. The chancellor ordered a reference to ascertain the mortgage indebtedness, and afterwards rendered a final decree of foreclosure of the mortgage.

1. There was no error in admitting a duly certified copy of the mortgage from the probate court. Its loss was averred in the bill and admitted in the answer. Its execution was proved according to law, and it was recorded within twelve months from its date.—Code § 992.

2. There was no limitation of the purpose for which the answer of Scott and wife was introduced by complainant. It was offered as evidence without any qualification,—confessions and denials together as a whole. The court was required to look to the denials therein, as well as to the admissions.—*Crawford v. Kirksey,* 50 Ala. 590, 597. The answer denies the averments of the bill, that said Scott had never paid any part of said note, and that the same was still due, and contains the averment, as before stated, that the debt mentioned in the bill, to secure which said mortgage was given, was fully paid long before the commencement of the suit. An unsworn answer when it contradicts the averments of the bill, is mere pleading, and is entitled to no more weight as evidence than the bill, but it is required still, that the allegations of the bill be sustained by proof sufficient to overcome the contradictions of the answer. *Latham v. Staples,* 46 Ala. 462; *Lockhart v. Troy,* 48 Ala, 480; *Rainey v. Rainey,* 35 Ala. 282; Story Eq. Pl. 875, a.

But here, the complainant takes himself out of this attitude of the pleading, and introduces the answer of defendant as his own evidence, proving thereby the denials of the averments of his bill, on which its equity rested. It was supposed, the introduction of the note and the mortgage by complainant would do away with this denial. It may be, though we do not decide it, that such proof might have been sufficient to sustain

the bill, as against the mere denials of an unsworn answer; but the effect of such evidence could not prevail, as against denials of the answer, made evidence by their introduction as evidence by complainant.

The situation is one, where greater justice may be subserved by not here rendering a decree, but by a reversal and remandment of the cause.

Reversed and remanded.