[Chattahoochie & Gulf Railway Co. v. Pilcher.]

# Chattahoochie & Gulf Railway Co. v. Pilcher.

## Ejectment.

(Decided Nov. 25, 1909.  51 South. 11.)

1. *Deeds; Construction.*—In an action to recover land where the parties depend upon the interpretation of a deed, the descriptions in which were conflicting so that it could not be said with absolute certainty what land was meant and the evidence explanatory thereof was also in conflict, the question of the meaning of the description in the deed was one for the determination of the jury.

2. *Same; General Rules.*—Descriptions in a deed must be construed if possible, so that no part thereof will be rejected or rendered inoperative, and hence, a clause in a deed describing the property as off the S. E. corner of a certain lot cannot be disregarded although in conflict with other clauses in the description when strictly construed, especially where the other clauses do not describe the land with such definiteness that there can be no doubt as to the land meant.

3. *Same; Extrinsic Circumstances.*—Where two clauses in the description of a deed, when strictly construed, are so conflicting as to have no sensible meaning even with reference to extrinsic circumstances, the court should look to these circumstances to see whether the meaning of the clauses be sensible in any secondary, looser or more general sense, of which, with reference to these circumstances, they are capable.

4. *Evidence; Parol Evidence; Identification of Subject Matter.*—When the rights of parties depend upon the interpretation of the description in a deed which in part, describes the land as being off the S. E. corner of a certain lot. and it does not appear what land was included in that lot. parol evidence is admissible to show what part is meant by that clause in the deed.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Ejectment by the Chattahoochie & Gulf Ry. Co., against B. R. Pilcher. Judgment for defendant and plaintiff appeals. Affirmed.

FOSTER, SAMFORD & CARROLL, for appellant.—The well settled doctrine is that where lands are described by a general and a particular description of them, which

26—163

are repugnant, the particular description will control and the other will be rejected as false.—*Carter v. Chevalier,* 108 Ala. 563; *Sykes v. Shows,* 74 Ala. 282; *Guilmartin v. Wood,* 76 Ala. 204; 1 Greenl. on Evi. 301; 2 Devlin on Deeds, Secs. 1038 and 9.

R. H. WALKER, R. D. CRAWFORD, M. SOLLIE, and TYSON, WILSON & MARTIN, for appellee.—Where there are ambiguities in the description of a deed it is necessary and proper to permit parol testimony to explain away such ambiguity.—114 Ala. 343; 68 Ala. 549. Deeds must be construed so as to arrive at the intention of the party.—3 Brick. Dig. 148; *B. & L. Assn. v. Robinson,* 65 Ala. 382. Every contract is entitled to a reasonable construction, and one that will give it operation.—3 Brick. 147. The object in a construction of a contract is to ascertain, and if possible, effectuate the intention of the parties.—59 Ala. 620; 66 Ala. 398; 70 Ala. 136; 73 Ala. 270. Where a deed contains a general description which is definite and certain in itself and is followed by a particular description such description will not limit the grant which is clearly and unambiguously made by the general description.—*Summer v. Hill,* 47 South. 567; *Bogan v. Hamilton,* 90 Ala. 454;; *Ela v. Card,* 9 Am. Dec. 46.

SAYRE, J.—Plaintiff below, which is also plaintiff in error, sued to recover "a certain lot of land in the town of Dothan on the north side of Main street, in a triangular shape, being bounded on the south by said Main street, on the east by Appletree street, and being bounded on the northwest with the line of said lot 66 feet from the center of said survey locating said road, and said line running parallel with the center line of said survey." By the road and survey mentioned in

this complaint, are evidently intended the plaintiff's railroad and the survey of the same. Defendant disclaimed as to part of the parcel of land here described, and defended as to the remainder, as will perhaps best be shown by the following diagram, in which the larger trangle represents the land sued for; the trapezoid, the part as to which disclaimer was entered; the smaller triangle, formed by the solid line across the larger, the part as to which defense was made

Plaintiff claimed under a deed from defendant, which was in evidence and described the land conveyed in the following language: "All that certain lot in the town of Dothan on the north side of Main street, in a triangular shape and being off the southeast corner of what is known as the Watson lot, and being bounded on the south by said Main street, on the east by Appletree street, and being bounded on the northwest with the line of said lot 66 feet from the center of said survey

locating said railroad, and said line running parallel with the center of said survey." The question raised turns upon the true interpretation of this deed. The appellant insists that the words "in a triangular shape" are the controlling words in the deed. The trial court seems to have been of the opinion that the words "being off the south-east corner of what is known as the Watson lot" were of importance, and in pursuance of that opinion allowed the defendant, over plaintiff's objection, to introduce testimony showing the bounds of the Watson lot, left it open to the jury to find that the land as to which a disclaimer had been entered was coterminous with the Watson lot as defined in defendants testimony, and thus permitted a verdict for the defendant. Plaintiff, after its objection had been overruled, also offered testimony to show that the Watson lot was more extensive than contended for by the defendant.

We are not prepared to say that the trial court misapprehended the meaning of the deed, or its duty in the premises, when it referred the question of the plaintiff's right to recovery under the evidence to the jury. If the deed had described the land conveyed by referring to the parallel line 66 feet from the center of the railroad as constituting throughout its length, between the points where it touched Main and Appletree streets, the northwest boundary of the land, or had stated the length of this boundary line, there would be no doubt that such a description, being absolutely certain and of greater particularity than any other to be found in the deed, would on a familiar principle be conclusive in favor of plaintiff's contention. In that event the description, taken as a whole, defining with intelligible certainty the premises intended to be conveyed, there would be no occasion for resorting to parol evidence, and the conflict disclosed by the

fact that the triangular lot conveyed could not be taken entirely from the Watson lot, whether improperly admitted in evidence or not would not affect the validity of the deed, and the uncertain description of the land conveyed as being off the southeast corner of what was known as the Watson lot would be laid out of view. To the extent of its falsity, it would be rejected. "Falsa demonstratio non nocet." But such is not the language of the deed. So, then the question is as we have indicated above.

Not being able to reject, on the theory already noticed, so much of the description as referred to the land conveyed as being off the southeast corner of what was known as the Watson lot, it was proper to receive evidence for the identification and definition of that lot. The court must put itself in the position of the parties. It must know what they knew, in order to ascertain, not what they intended to put in writing, but what meaning they attached to the words used. The reference to "the Watson lot" conveyed no definite meaning to the court, but it had a meaning for the parties which it was necessary for the court to understand. To that end parol evidence was admissible.—*Chambers v. Ringstaff,* 69 Ala. 140; 2 Wendell's Blackstone, 382, note. "Although parol evidence is not admissible to prove that the parties intended something different from that which the written language expresses, or which may be the legal inference and conclusion to be drawn from it, yet is is always competent to give in evidence existing circumstances, such as the actual condition and situation of the land, buildings, passages, water courses, and other local objects, in order to give definite meaning to language used in the deed, and to show the sense in which particular words were probably used by the parties, especially in matters of description."—*Salisbury*

*v. Andrews,* 19 Pick. (Mass.) 250; *Jacobs v. Roach,* 161 Ala. 201, 49 South. 576. The evidence, introduced in accordance with the principles indicated, developed the fact that, ·if any significance whatever is to be attached to the words "off the southeast corner of the Watson lot," whether the plaintiff's contention or that of the defendant as to the frontage of that lot on Main street be adopted, that frontage in less than the frontage required to meet the demands of the plaintiff's theory that the words "in a triangular shape" must be held to signify, not merely such an approximation to triangular shape as one might ordinarily expect them to mean in describing a piece of land, but a triangle so designated with mathematical accuracy—a figure with three straight sides and three angles. It also demonstrated that in no event could the land conveyed be described as off the southeast corner of the Watson lot, but that this description must be satisfied with a parcel of land off the south end of that lot —this, however, on a very strict and narrow.interpretation. Approved rules of interpretation require that the description in the deed be construed, if possible, so that no part of it will be rejected or rendered inoperative. Where it is the intention of the parties that all the elements of description should be necessary to the identification of the premises, nothing will pass by the deed except what corresponds with those particulars.— *Brown v. Saltonstall,* 3 Metc. (Mass.) 423; *Warren v. Cogswell,* 10 Gray (Mass.) 76. "It is a familiar principal that every call in the description of the premises in a deed must be answered, if it can be done. The intention of the parties is to be sought by looking at the whole, and none is to be rejected, if all the parts can stand consistently together."—*Herrick v. Hopkins,* 23 Me. 217; 4 Am. & Eng. Encyc. 798. "Every provision,

[Chattahoochie & Gulf Railway Co. v. Pilcher.]

·clause, and word in the same instrument shall be taken into consideration in ascertaining the meaning of the parties, whether words of grant, of covenant or descrip-tion, or words of qualification, restraint, exception, or explanation. Again, every word shall be presum-·ed to have been used for some purpose, and shall be ·deemed to have some force and effect, if it can have."— *Salisbury v. Andrews, supra.* We conclude, therefore, ·that by no justifiable interpretation can the reference ·to the Watson lot be eliminated or deprived of substan-·tial meaning.

How are the two clauses of the deed to which we have referred. to be construed together? If there were noth-ing in the context from which it could be inferred that ·the grantor used the words "triangular shape" in any other sense, it may be conceded—though doubtfully—that the strict sense contended for by appellant would ·be accepted; but these words, so interpreted, are at outs with that clause which refers to the Watson lot, and have no sensible meaning with reference to extrinsic ·circumstances. The court must therefore look to those ·circumstances to see whether the meaning of the words be sensible in any secondary, looser, or more general ·sense, of which, with reference to those circumstances, they are capable.—Wendell's Blackstone, supra. The principles and authorities adverted to and cited above made proper the ruling of the trial court in admitting parol evidence, and. in refusing to the plaintiff the af-firmative charge, and the other charge equivalent to the ·affirmative charge. The plaintiff's right to recover was properly submitted to the jury. Accordingly the judg-ment of the court below will be affirmed.

Affirmed.

DOWDELL, C. J. and ANDERSON and EVANS, JJ., con-cur.