# *Ex Parte* Birmingham Railway, Light & Power Company.

## *Injury to Passenger.*

(Decided December 18, 1913.  64 South. 70.)

*Charge of Court; Statement of Testimony of Absent Witness.*— Where a party announces not ready for trial because of the absence of a witness and presents a written statement as to what the witness would testify if present, and the adversary party admits the statement so that the trial may proceed, the party presenting the written statement is entitled to a charge, giving the legal rule that the statement is entitled to the same consideration by the jury as if the party had testified to such statement on the witness stand in the presence of the jury.  (Rule 16, Circuit Court Practice.)  The charge was not invasive of the province of the jury, nor was it objectionable as giving undue prominence to a part of the evidence, or as being argumentative.

CERTIORARI to Court of Appeals.

Action by Mrs. Mattie E. Adkins against the Birmingham Railway, Light & Power Company, for damages for injury while a passenger.  Judgment for plaintiff in the trial court and on appeal by defendant to the Court of Appeals, the judgment of the trial court was affirmed.  (8 Ala. App. 555; 62 South. 367.)  Defendant brings certiorari to review the action of the Court of Appeals.  Writ awarded, and the judgment of the appellate court reversed and remanded.

The charge requested by defendant and refused, numbered 5, is as follows: "The court charges the jury

that the statement admitted in evidence as to what Mrs. E. C. Burbank would testify, if present, is entitled to the same consideration by the jury as if the said Mrs. Burbank had testified to such a statement on the witness stand in the presence of the jury."

TILLMAN, BRADLEY & MORROW, and FRANK M. DOMINICK, for appellant. Charge 5 should have been given. —*Waldron v. Mutual Insurance Company,* 47 P. 425; *Bloomington, etc., Ry. Co. v. Gabbett,* 111 Ill. App. 147; *Utley v. Burns,* 70 Ill. 162; *Boggs v. Merced Min. Co.,* 14 Cal. 279; *Elsnor v. Supreme Logde, etc.,* 11 S. W. 991. The following Alabama authorities support this position.—*Crawford v. State,* 44 Ala. 382; *Peterson v. State,* 63 Ala. 113; *Woolsey v. Jones,* 84 Ala. 88; *Williams v. Anniston Electric Co.,* 51 South. 385; Rule 16, page 1521, Code of Alabama (1907).

HARSH, BEDDOW & FITTS, for appellee. The judgment of the Court of Appeals is proper, and should be affirmed.—8 Ala. App. 555; 62 South. 368; *Crawford v. State,* 112 Ala. 27; *McKee v. State,* 82 Ala. 38; *Hall v. Cardwell,* 59 South. 516; 151 Ill. App. 636; 68 S. E. 661.

ANDERSON, J.—When a party to a cause announces not ready because of the absence of material witnesses who have been duly served with process and who are absent without the consent of said party, the court may, in its discretion, grant a showing or written statement of what is expected to be proven by the absent witnesses, and, if this showing or statement be admitted by the opposite party, the jury must give to it the same consideration as if the witness had testified in person before the jury.—*Woolsey v. Jones,* 84 Ala.

88, 4 South. 190; *Williams v. Anniston Co.*, 164 Ala. 84, 51 South. 385; *Crawford v. State*, 44 Ala. 382; rule 16, p. 1521, Code of 1907. The defendant's refused charge 5, which will be set out by the Reporter, properly asserted the law and should have been given, as charges similar thereto were held proper in the cases supra. The charge does not invade the province of the jury, does not single out or give undue prominence to any part of the evidence, and is not argumentative; it simply asserts a legal rule governing the consideration of a certain class of evidence heretofore sanctioned and approved by this court. It may be true that none of the cases supra reversed the trial court for refusing such a charge as the trial court gave it in the *Woolsey* and *Williams Cases,* and the court was dealing with the oral charge in the *Crawford Case,* yet it was unqualifiedly held to be a proper charge, and there was no suggestion or intimation in any of said cases that the refusal of same would be justified in cases in which showings had been received in evidence.

The certiorari is awarded, and the judgment of the Court of Appeals is reversed, and the cause is remanded to said court.

Certiorari awarded, and reversed and remanded. All the Justices concur.