(91 South. 73)

### CARROLL v. FAUSETT.　(7 Div. 182.)

(Supreme Court of Alabama.　Oct. 20, 1921.)

**1. Appeal and error ⊜⇒680(2)—Ruling on demurrer not set out in record not reviewed.**

The Supreme Court will not review a ruling on a demurrer which is not set out in the record and the grounds relied on in support of which are not apparent.

**2. Ejectment ⊜⇒64—Description of land held insufficient.**

A description of land, sought to be recovered in ejectment, as "commencing at a point at the edge of the sidewalk on the south side of L. street, at the northeast corner of the lot on which [plaintiff] now resides and running back in a westerly direction along the east side of the lot * * * for 126 feet, said strip * * '* being 12 feet and 2 inches wide at the north end * * * and 10 feet and 7½ inches at the west end, * * * which said land is bounded on the west by the lot now occupied * * * by [plaintiff] and on the east by lot occupied by [defendants] * * * the same being a part of the lands originally purchased by [plaintiff] from W. Y. C.," held too uncertain.

**3. Ejectment ⊜⇒64—Test of sufficiency of description of land involved, stated.**

The test of the sufficiency of a description of land is whether an officer could locate it therefrom with any certainty.

**4. Trial ⊜⇒252(5) — Instruction that plaintiff could recover if land was included in description of that conveyed by grantor held erroneous.**

In ejectment, where there was no evidence that any of the grantors in plaintiff's title deeds ever owned or were in possession of the land conveyed, the court erred in instructing that if the land was included in the description of that conveyed to plaintiff by his immediate grantor plaintiff could recover.

Appeal from Circuit Court, Randolph County; S. L. Brewer, Judge.

Action by John Fausett against Emma T. Carroll and another. Judgment for plaintiff, and the named defendant appeals. Reversed and remanded.

The cause was tried on the third count of the amended complaint, which is as follows:

Plaintiff claims of the defendant the following described land, to wit: A strip of land in the city of Roanoke, Ala., more particularly described as follows: Commencing at a point at the edge of the sidewalk on the south side of Louina street, at the northeast corner of the lot on which John Fausett now resides, and running back in a westerly direction along the east side of the lot on which John Fausett now resides for one hundred twenty six (126) feet. Said strip of land being 12 feet and 2 inches wide at the north end thereof and 10 feet and 7½ inches at the west end thereof, which said land is bounded on the west by the lot now occupied as a homestead by John Fausett and on the east by lot occupied by Mrs. Emma T. and John T. Carroll as a homestead, and on the north by Louina street; the same being a part of the lands originally purchased by John Fausett from W. Y. Chewning, of which he was in possession, and before the commencement of this suit defendants entered and now unlawfully detains.

Plaintiff claimed title through deeds from Hardy to Gibson in 1879; from Gibson to Chewning in 1884, and from Chewning to plaintiff in 1886; while defendants claimed under a deed from M. R. Taylor to defendant John T. Carroll, in 1887. The court instructed the jury that plaintiff could not recover on any adverse possession of the land, but only on his paper title, if any, and, further, that if the strip in question was found to be included in Chewning's deed, then plaintiff was entitled to recover, unless defendants had held it in adverse possession for 10 years before the suit.

James W. Strother, of Dadeville, for appellant.

The complaint was insufficient in description, and will not support a verdict for plaintiff. 111 Ala. 601, 20 Ala. 485; 174 Ala. 114,

56 South. 532; 114 Ala. 489, 21 South. 946; 99 Ala. 252, 13 South. 613; 43 Ala. 700. No adverse possession is shown in plaintiff. 155 Ala. 231, 46 South. 453; 148 Ala. 247, 41 South. 822; 141 Ala. 451, 37 South. 799, 109 Am. St. Rep. 45; 144 Ala. 516, 41 South. 835; 156 Ala. 462, 47 South. 342; 175 Ala. 214, 57 South. 477; 157 Ala. 478, 47 South. 1011.

R. J. Hooton, of Roanoke, for appellee.

The description was sufficient, 108 Ala. 563, 19 South. 798; 109 Ala. 409, 19 South. 837; 86 Ala. 329, 5 South. 581; 83 Ala. 250, 3 South. 519, 3 Am. St. Rep. 718; 63 Ala. 284. Counsel discuss other matters, but without further citation of authority.

SOMERVILLE, J. [1] The minute entry shows that defendants demurred "to count 3 in the complaint as last amended," and that the demurrer was overruled. This demurrer is not set out in the record, and, the grounds relied on not being apparent, this court will not review the ruling of the trial court. Shelby Iron Co. v. Bierly, 202 Ala. 422, 80 South 806.

[2, 3] But appellant contends that the complaint does not describe the land with sufficient certainty to support a verdict and judgment for its recovery. A careful analysis of the complaint convinces us that this contention is well founded. The elements of description are hopelessly self-contradictory as to the depth of the strip. Moreover, it appears that the strip sued for is a part of the lot purchased by plaintiff from Chewning, and yet the western boundary of the strip is said to be the east side of the lot occupied by plaintiff, and no monuments are referred to, nor any mode of demarcation. We do not see how an officer could locate the land with any sort of certainty from the description given, and that is the test of its sufficiency. Goodwin v. Forman, 114 Ala. 489, 492, 21 South. 946; Bradford v. Sneed, 174 Ala. 113, 56 South. 532; Lessley v. Prater, 200 Ala. 43, 75 South. 355.

[4] No evidence was offered to show that any of the grantors in plaintiff's title deeds ever owned or were ever in possession of the land therein conveyed. It was therefore error to instruct the jury that, if the disputed strip was included in the description of the land conveyed to plaintiff by Chewning, plaintiff was entitled to recover in the absence of adverse possession for 10 years by defendants.

We deem it unnecessary to discuss other questions presented by the assignments of error.

For the errors noted, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.