(92 South. 250)

## WASHINGTON REALTY CO. v. STACY LAND CO. (6 Div. 261.)

(Supreme Court of Alabama. Jan. 12, 1922.)

1. Ejectment ⬤➞64—Rule as to sufficiency of description of land stated.

The description of the land in a complaint in an action of ejectment is sufficient where it enables the sheriff definitely to know what land to place the plaintiff in possession of, in event of recovery.

2. Ejectment ⬤➞64 — Description of land in complaint held sufficient.

In an action of ejectment, where the complaint described the land as lots 1 and 2 in block 15, according to a named survey, as recorded in a designated place, the description of the land was sufficiently definite.

Appeal from Circuit Court, Jefferson County; John C. Pugh, Judge.

Ejectment by the Stacy Land Company against the Washington Realty Company and others. Judgment for plaintiff, and the defendant named appeals. Affirmed.

Allen & Bell and C. B. Powell, all of Birmingham, for appellant.

The court judicially knows of the location of Elyton, Alabama, and therefore is bound to know that these lots could not be in Elyton, and that the description is indefinite. 197 Ala. 157, 72 South. 391; 199 Ala. 536, 74 South. 469; 23 C. J. 1875, 1886.

Garber & Garber and Smith & McCary, all of Birmingham, for appellee.

Counsel discuss the accuracy of description, but without citation of authority.

THOMAS, J. The appeal is on the record.

[1] When land is described in a complaint with sufficient certainty to enable the sheriff definitely to know what land to place the plaintiff in ejectment in possession of, in event of recovery, then the description is with sufficient legal accuracy, "as, for instance, by a survey." Little v. Thomas, 204 Ala. 66, 85 South. 490.

[2] The description in the complaint is definite, and the lands recovered in the judgment are sufficiently identified as lots 1 and 2 in block 15 according to Walker Land Company's survey, and recorded in Map Book 1, page 257, of the Map records in the office of the probate judge of Jefferson county, Ala.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.