(93 South. 457)

## WHITE v. WHITE. (6 Div. 596.)

(Supreme Court of Alabama. May 18, 1922.)

**1. Equity ☞373—Failure to make note of testimony results in submission of case on bill and answer.**

Under chancery rule 75, upon final submission of a case in the absence of a note of the testimony, there is in fact no evidence before the court, and the effect is the same as if case was submitted upon the bill and answer.

**2. Divorce ☞109—Burden on complainant to prove allegations of bill so as to overcome contradictions of answer.**

Where the answer contradicts all the averments of the bill, the burden is on complainant to prove the allegations of the bill so as to overcome the contradictions of the answer.

Appeal from Circuit Court, Jefferson County; Dan. A. Greene, Judge.

Bill for divorce by Martha White against R. H. White. From a decree denying relief, complainant appeals. Affirmed.

Ellis & Matthews, of Birmingham, for appellant.

Where the record contains no note of testimony, the cause will be reversed. 85 South. 411; 205 Ala. 201, 87 South. 347; 203 Ala. 300, 82 South. 550. Testimony not noted in the submission will not be considered by the chancellor. 85 Ala. 474, 5 South. 305; 100 Ala. 199, 14 South. 9; 130 Ala. 575, 29 South. 201; 193 Ala. 424, 69 South. 503.

Horace C. Alford, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

GARDNER, J. Appellant filed this bill against the appellee seeking divorce upon the ground of adultery and cruelty. The cause was heard before the court on oral testimony, and the final decree was rendered against the complainant dismissing her bill; and from this decree the appeal is prosecuted.

[1] There was no note of testimony, and counsel for appellant largely rest their contention for reversal of this cause upon the lack of such note of testimony, as required by chancery rule 75, as construed by the previous decisions of this court. Brassell v. Brassell, 205 Ala. 201, 87 South. 347; Lunday v. Jones, 204 Ala. 326, 85 South. 411. The writer's disagreement with the construction of this rule in the foregoing authorities was fully stated in Lunday v. Jones, supra, and he now considers the question as finally established. The effect of the holding is that, upon such final submission, in the absence of a note of testimony, there is in fact no evidence before the court to be considered. It results, therefore, in the instant case, that the submission was had from a legal standpoint upon the bill and answer.

[2] The answer specifically denied and contradicted in all material respects the averments of the bill, and required strict proof of the allegations set up as grounds for divorce. This placed upon the complainant the burden of sustaining by proof the allegations of her bill sufficient to overcome the contradictions of the answer. Scott, Adm'r, v. Brassell, 132 Ala. 660, 32 South. 694; Latham v. Staples, 46 Ala. 462; Lockhart v. City of Troy, 48 Ala. 579. In Scott v. Brassell, supra, in speaking of this question, the court said:

"An unsworn answer when it contradicts the averments of the bill, is mere pleading, and is entitled to no more weight as evidence than the bill, but it is required still, that the allegations of the bill be sustained by proof sufficient to overcome the contradictions of the answer."

Under such circumstance the proper decree to be rendered is one dismissing the bill.

Rule 75, therefore, as construed by this court, and as applicable to the instant case,

leaves the submission of appellant's cause as upon bill and answer, and the decree dismissing the bill will therefore be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.