(132 So. 619)

## KLEPAC v. FENDLEY.

### 1 Div. 584.

Supreme Court of Alabama.

Jan. 22, 1931.

Rehearing Denied March 12, 1931.

Quincey W. Tucker and Woodford Mabry, both of Grove Hill, for appellant.

Adams & Gillmore, of Grove Hill, for appellee.

FOSTER, J.

This is a statutory action for recovery of land. There was no demurrer to the complaint, but defendant pleaded not guilty, and thereby admitted possession of the land as described in the complaint.

The court gave the general charge for plaintiff. Defendant having sued out this appeal contends that the court erred in admitting in evidence a deed to plaintiff with the same description as that in the complaint, and in giving the affirmative charge for plaintiff. The court admitted parol evidence in aid of the description in the deed. Unless that description is void, as a matter of law, in the light of the attending facts disclosed by the evidence, the deed was of course properly admitted. And if properly admitted, the effect was to prove title in plaintiff, and justified the affirmative charge for plaintiff for such conclusion would also determine that the description in the complaint is not so indefinite as not to be sufficient to support a verdict and judgment.

Upon that question the result is not the same as when there is a demurrer to the complaint. For upon demurrer all intendments are against the sufficiency of the complaint. But when the inquiry only arises upon its sufficiency to sustain a judgment, all reasonable intendments are indulged to support the judgment. Parker v. Jefferson County, 209 Ala. 138, 95 So. 364; Lessley v. Prater, 200 Ala. 43, 75 So. 355.

It is necessary, however, in order to support the judgment that the description be of such nature that the sheriff, unaided by such character of evidence aliunde, as calls for the conclusion or discretion of the sheriff, as in the nature of a judicial act, can locate the land, with the help of such existing things as recorded instruments, maps, monuments, and other objects which may be located by the data furnished by the description itself. Lessley v. Prater, 200 Ala. 43, 75 So. 355; Bradford v. Sneed, 174 Ala. 113, 56 So. 532; Carroll v. Faucett, 206 Ala. 526, 91 So. 73; Finney v. Baker, 201 Ala. 521, 78 So. 875; Riddle v. Hanson, 208 Ala. 474, 94 So. 729; Parker v. Jefferson County, supra; Martin v. Baines, 217 Ala. 326, 116 So. 341; Cabaniss v. Huntsville, 217 Ala. 678, 117 So. 316; East v. Karter, 215 Ala. 376, 110 So. 610; Id., 220 Ala. 511, 125 So. 655.

In construing the sufficiency of the description in the complaint as well as the same in the deed, we may refer therefor to such instruments, maps, monuments, and other objects as the evidence discloses, to which reference is made in the description. It shows that the starting point is on Carroll street and sixty-one feet and six inches from the northeast corner of lot 144, according to the old plat of the town. This lot, according to that plat, has two corners on Carroll street, though neither may be accurately defined as the northeast corner. Nor is there shown by the plat any other corner of the lot properly so defined. The lot does not extend so that there is a corner at that point of the compass. But of the two corners on Carroll street, one is more in a northeasterly position than the other. With the former as the starting point, the details of the description, by metes and bounds, furnish sufficient data to locate with some degree of accuracy a small tract situated in and a part of lot 144. All the features of the description by metes and bounds are consistent with that construction of it. Such corner being the existence of a fact shown on a map referred to in the description, the sheriff may consider it, for to do so does not require any particular conclusion in the nature of a judicial act. We think therefore that the description by metes and bounds, thus aided, is not void for uncertainty.

It is stated further in the description that it is a portion of lot 145, but that it lies between the S. C. Fendley lot and Carroll street, and shows that it is on the southwesterly side of the Frankie Fendley lot. These descriptions cannot be reconciled with the statement that the tract is in lot 145, as shown on the map.

When the recitals in a description are inconsistent or repugnant to the surrounding facts, the court will look to the surrounding facts, and will adopt that construction which is the most definite and certain, and which will carry out the evident intention of the parties. Chattahoochie & Gulf R. R. Co. v. Pilcher, 163 Ala. 401, 51 So. 11; 18 C. J. 287.

Sometimes, under circumstances, when a true description is inconsistent with or repugnant to another feature of it, which is false, but the intention is clear from the whole instrument, that which is false will be rejected. 18 C. J. 285. The law leans against the destruction of a deed for uncertainty. Nolen v. Henry, 190 Ala. 540, 67 So. 500, Ann. Cas. 1917B, 792; East v. Karter, 215 Ala. 375, 110 So. 610; Id., 220 Ala. 511, 125 So. 655; Martin v. Baines, supra; Cabaniss v. Huntsville, supra.

When the description in a deed is ambiguous and uncertain, and the evidence of explanatory matter is conflicting or presents conflicting influences, it is usually a question for the jury to find whether it is sufficiently certain to embrace the tract sued for. Chattahoochie & Gulf R. R. Co. v. Pilcher, supra.

But when the deed uses the same description as that in the complaint, there can be no question for the jury as to whether it refers to the same tract. The only ques-

**420**

tion, then, is whether the description used in the complaint is sufficiently definite to support a judgment with that description in it. We have undertaken to show that the one used in the complaint in this case is of such nature.

The result is that the deed was properly admitted and the affirmative charge properly given for plaintiff.

Appellant does not argue other questions, and therefore they are not treated by us.

We find no reversible error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.