(135 So. 584)

### BOHANNON v. SANDLIN.

### 6 Div. 767.

Supreme Court of Alabama.

June 27, 1931.

J. T. Johnson, of Oneonta, for appellant.

336

P. A. Nash, of Oneonta, for appellee.

GARDNER, J.

█ █ Statutory action by appellee against appellant in the nature of ejectment to recover possession of "all that part of the East ½ of Southeast ¼ of section 23, township 13, range 4 West, on the East side of the Mulberry River, containing fifteen acres more or less, situated in Blount County, Alabama." The deeds offered in evidence by the plaintiff were as to description in substantial conformity with that of the complaint. This description comes within the well-settled rule of Chambers v. Ringstaff, 69 Ala. 140, to the effect that "a description which furnishes the means of making it certain by proof is sufficient." See, also, East v. Karter, 215 Ala. 375, 110 So. 610; Klepac v. Fendley (Ala. Sup.) 132 So. 619,[1] where several of our authorities are collated. The objection therefore to the introduction of these deeds in evidence upon the ground they were void for uncertainty of description was properly overruled.

█ The first deed offered was that executed to Reuben R. Ward in 1869, and plaintiff's chain of title runs back to this deed. The proof establishes without dispute adverse possession of the land sued for in plaintiff and those through whom he claims title for a period of more than forty years uninterrupted until defendant took possession in 1928, a year before the suit was brought, and the affirmative charge was properly given in his favor.

█ Defendant reserved an exception to that portion of the oral charge which in effect was the affirmative charge for plaintiff, and insists such instruction was erroneous as violative of the provisions of section 9507, Code of 1923, which prohibits the trial court from changing upon the effect of the evidence unless required to do so by one of the parties. True such requested charge does not appear in the record, but it has been held that, unless the contrary is shown by the record, the appellate court will presume that a charge given by the primary court on the effect of the evidence was given on the written request of one of the parties. English's Ex'r v. McNair's Adm'rs, 34 Ala. 40; Bell v. Allen, 53 Ala. 125.

However, resort to such presumption is unnecessary in the instant case, as the court in connection with such instruction also stated that it was given at plaintiff's request.

We find no reversible error.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

