188 So. 235

**JORDAN et al. v. OGDEN.**

**6 Div. 332.**

Supreme Court of Alabama.

Jan. 12, 1939.

Rehearing Granted March 30, 1939.

Further Rehearing Denied May 4, 1939.

C. H. Strawbridge, of Vernon, B. G. Wilson, of Jasper, and Jess Coleman, of Aberdeen, Miss., for appellants.

Wilson Kelley, of Vernon, for appellee.

THOMAS, Justice.

This was a suit in ejectment, and there was judgment for the plaintiff.

The complaint was not subject to the grounds of demurrer directed thereto. The description employed in the complaint and the judgment was sufficiently definite. 8 Alabama Digest, Ejectment, ⚷64, pp. 207–209; Little v. Thomas, 204 Ala. 66, 85 So. 490; Carroll v. Fausett, 206 Ala. 526, 91 So. 73; Washington Realty Co. v. Stacy Land Co., 207 Ala. 117, 92 So. 250; Klepac v. Fendley, 222 Ala. 417, 132 So. 619; Hughes v. Allen, 229 Ala. 467, 468, 158 So. 307.

The appellants' assignments of error were duly urged in argument by counsel within the rule. Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158. Said assignments of error will be considered as presented and urged by the motion for a new trial.

The motion was supported by affidavits of T. A. Perkins, Mrs. T. R. Perkins and H. N. Jordan.

The substance of the affidavit of T. A. Perkins and Mrs. T. R. Perkins was that the mortgage given him by A. J. Jordan and H. N. Jordan was given in the year 1920 and was not transferred to W. W. Ogden but turned over to him to hold as collateral.

The affidavit of H. N. Jordan was to the effect that he was one of the defendants in the cause of W. W. Ogden v. H. N. Jordan, Daisy Jordan and A. J. Jordan. "The said cause was tried before Your Honor on the 11th day of October, 1937, and a judgment was rendered against said defendants. The said H. N. Jordan further says that they were forced into trial of this cause without the witness, Mrs. J. M. Darr being here, who was a material witness for the defendants in this cause. The said witness being and living in Jasper, Alabama, and the sheriff of this county mailed the summons to the sheriff of Walker County and the said sheriff returning the same marked not found. The said H. N. Jordan says she knew about some checks and receipts that she paid for the said defendants in said cause and she is the only one that could explain said checks and receipts. The defendants acting in good faith did all they could to get her here and failed and that they could not have a fair trial without her being here."

The respective affidavits were from Lowndes and Lamar Counties, and the trial of the cause referred to was in Lamar County. The witness Mrs. J. M. Darr was in Walker County. The motion was overruled.

■ When the record is considered, and brief of counsel carefully noted, the trial court cannot be put in error for not granting a continuance in the absence of a proper showing for the absence of witness Darr. The witness was not subject to attachment, in the absence of service of process, and the other party was not subject to be put on showing until the witness had been served with process. Ex parte Birmingham Railway, Light & Power Co., 184 Ala. 580, 64 So. 70; Rule of Circuit Court (73), 16 Michie's Code, p. 1937.

The authorities are collected as to whether an instrument is held as a mort-

gage, or merely as collateral security and pledge in Oden v. Vaughn, 204 Ala. 445, 449, 85 So. 779; Perkins v. Skates, 220 Ala. 216, 124 So. 514; Richards v. Montgomery, 230 Ala. 307, 160 So. 706.

The bill of exceptions recites, among other things, the following:

"By the Court: Suppose you offer the certified transcript of the record down to —just the certified transcript of the record; suppose you offer that, then you can offer this later; he is not objecting to the certified transcript of the mortgage, but he is objecting to the transfer that is endorsed on that.

"By Mr. Kelley: We offer in evidence certified copy of the mortgage of A. J. Jordan and T. A. Perkins; we offer this in evidence (indicating).

"By the Court: All right, if there is no objection, it is admitted.

"By Mr. Strawbridge: We object, if the Court please.

"By the Court: Objection overruled.

"By Mr. Strawbridge: We except."

It is further shown by the record, as follows:

"I offer a transfer in writing of the mortgage of which this (indicating) is a certified copy, which is in apt words and signed by T. A. Perkins and his wife, S. R. Perkins, and acknowledged before J. E. Strawbridge, a Notary Public, 1st day of June, 1928, and also carries a separate acknowledged [acknowledgment] before J. E. Strawbridge, a Notary Public.

"By the Court: And you object?

"By Mr. Strawbridge: Yes, sir, we object, because this is one whole instrument here and when this is offered in evidence this becomes a certified copy of the record, there is no certified record that there was ever any transfer to W. W. Ogden.

"By Mr. Kelley: There is no intention of it being offered as a certified copy; in this instance the original mortgage was lost and they made a certified copy.

"By the Court: Overrule the objection. Then he offers separately a transfer of that mortgage endorsed on the back that certified copy; overrule the objection to that.

"By Mr. Strawbridge: We want an exception to it."

The following attempt at transfer was endorsed on the instrument offered in evidence: "For and in consideration of value received, I hereby transfer the within note and mortgage to W. W. Ogden, without recourse on me. T. A. Perkins (LS) S. R. Perkins (LS)."

The instrument offered had the acknowledgment thereon in proper Code form [Code 1923, § 6845] of husband and wife before a Notary Public, J. E. Strawbridge, who attested the transfer as a witness.

The statute that obtains as to offering a transcript of books kept in the office of any public officer is Section 7681 of the Code. The authorities collected in Michie's Code relative to this statute are full and ample to justify the trial court in its rulings. Evidence that may contain an adverse or conflicting inference to the record presents a question of fact for the jury. White v. First National Bank of Opp, 236 Ala. 589, 183 So. 875; Scott v. Brassell, 132 Ala. 660, 32 So. 694.

It is held in Adams v. Central of Georgia R. Co., 198 Ala. 433, 73 So. 650, that in the absence of a valid authorization, an official custodian cannot certify to anything not copied from the documents or records in his custody, "and cannot deduce from the documents or records his conclusions of fact, and give thereto by his certification any sanction or force as evidence." [Page 651.] It is further held in the above case that such extra official admission of fact or conclusion will not deprive the certificate of its appropriate effect in so far as the official is authorized to certify. Brown v. Leek, 221 Ala. 319, 321, 128 So. 608; Ramage, Parks & Co. v. Folmar, 219 Ala. 142, 147, 121 So. 504; Code, § 7681.

There was no error in admitting the mortgage of June 1, 1928. The excerpt from the evidence set out above shows the transfer of the mortgage endorsed on the back of the certified copy of the mortgage was offered separate and apart from the certified copy of the record of mortgage. The evidence shows the record of the original mortgage, hence the duly certified copy of the record was admitted in evidence over the objection of defendant without error.

The bill of exceptions thus states the facts:

"By Mr. Coleman (Counsel for Defendants): It says certified copy of the record; the original record in the courthouse does

not show certified copy because no assignment there according to the record.

"By the Court: When that occurred there probably had been no assignment.

"By Mr. Coleman: When this was made there had been no assignment at all according to the record, the records in the courthouse—is not Mr. Ogden's property.

"By the Court: That ruling stands. Here is the status: The original was lost, the certified copy of the record was made, the record does not show transfer because no transfer had been made and entered on the record; then when the mortgage was lost, everything was lost, the original instrument and assignment and he supplied that that was lost by going to the Probate Judge and getting a certified copy of the record; then he goes back to the men and got them to make a new transfer of that instrument.

"By Mr. Ogden: That is exactly right.

"By the Court: And he got this last transfer, he got it before the foreclosure of this paper, he got the transfer in June and foreclosed the mortgage in November; that would make him the owner of it.

"Q. (By Mr. Kelley) That (indicating) is your paper, that mortgage? A. Yes, sir.

"Q. You paid it off? A. Yes, sir.

"Q. It is your property? A. Yes, sir.

"By Mr. Kelley: We rest."

And on cross examination, we note the following:

"I say this was transferred to me from Mr. & Mrs. Perkins, that is correct. They have transferred it to me twice. They transferred it the first time pretty soon after he sold the land to Mr. Jordan and when that mortgage was lost, misplaced somewhere, we got him to write another transfer because the transfer was lost with the original mortgage. It was transferred to me as collateral. It was not transferred on the margin of the paper at that time, no sir, I think it was separate, was a separate transfer. Then I don't remember how long it was until it disappeared; it has been some bit ago; that thing has been on hand since 1920, you see. They made me payments all along, yes, sir, they paid some payments along.

"Q. Then when you found it was gone you then got another transfer? A. After it was lost, after I found that I could not find it, my only chance was to come to the Probate Judge's office and get a copy of it.

"The witness continued:

"As to whether the record there has ever been transferred: I never had it done. I don't think Mr. Perkins had it done either. I did not examine the record here in the courthouse, no, I never have."

The record fails to show an efficacious transfer of the mortgage in question to the plaintiff. His right of foreclosure depended thereon, and this failure may not be supplied by his foreclosure deed.

On Rehearing.

Upon further consideration of this case, the writer reached the conclusion that he had, in the discussion of the law applicable to the main question involved, overlooked our more recent cases interpreting Section 9010 of the Code. In view of this fact, the case has been restored to the rehearing docket, and is now before the court for further consideration.

In the original opinion the following statement appears: "The record fails to show an efficacious transfer of the mortgage in question to the plaintiff. His right of foreclosure depended thereon, and this failure may not be supplied by his foreclosure deed."

Under Section 9010 of the Code, as construed by this court, it is not necessary that the transfer of a mortgage should contain apt operative words of conveyance to entitle the transferee to foreclose the mortgage, but any person who, by assignment or otherwise, becomes entitled to the money secured by the mortgage, may foreclose the same; and a *conveyance* of the lands sold under such power of sale to the purchaser at the sale, executed by the mortgagee, any assignee or other person entitled to the money thus secured, his agent or attorney, or the auctioneer making the sale, vests the legal title thereto in the purchaser.

Section 9010 of the Code enlarges the effect of the power of sale in the mortgage which passes with the debt, and when exercised has the effect of a foreclosure in equity, wherein all parties are present. But until the power is exercised, an assignment without apt words of conveyance leaves the legal title in the mortgagee. This, of course, implies that upon foreclosure, when the assignment is made without apt words of conveyance, a proper deed must be executed to the purchaser by the assignee of the mortgage making the foreclosure.

Simpson v. James R. Crowe Post No. 27, American Legion, 230 Ala. 487, 161 So. 705.

The record shows that Ogden, assignee (though the assignment to him was without apt words of conveyance), duly foreclosed the mortgage, and executed to himself a proper conveyance to the lands. This, then, vested in said Ogden the legal title to the lands, which he could assert in his action at law.

It follows, therefore, that we were in error in holding in our former opinion that Ogden's right of foreclosure depended upon the assignment executed to him containing apt words of conveyance. While the assignment to Ogden was not sufficient per se to operate to transfer the legal title of the mortgagees to him; nevertheless it was quite sufficient to authorize Ogden, the assignee, to foreclose the mortgage and to acquire by purchase at the sale; and by the foreclosure deed the legal title.

This conclusion, therefore, results in granting a rehearing, setting aside our former judgment of reversal, and in affirming the judgment of the court below. It is so ordered.

Rehearing granted; former judgment of reversal set aside, and judgment of the circuit court affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.