16 So.2d 717

**MATHISON et al. v. BARNES et al.**

**4 Div. 309.**

Supreme Court of Alabama.

Dec. 16, 1943.

Rehearing Denied March 2, 1944.

R. H. Jones and A. Whaley, of Andalusia, for appellants.

Murphy & Cook, of Andalusia, for appellees.

BOULDIN, Justice.

The appeal is from a decree overruling demurrers to a bill in equity as amended.

Appellees, J. E. Barnes and Dona Barnes, filed their original bill against appellant, Mary Spear Mathison, in two aspects:

1st. To cancel a mortgage on real estate made by complainants to respondent, and cancel a forclosure deed thereto, upon the ground that the mortgage was without consideration in that the indebtedness which it purported to secure was fully paid when the mortgage was given. On this aspect, the bill further sought an accounting for rents and for waste by cutting timber, and removal of a house from the land after foreclosure and entry into possession.

2nd. To enforce a statutory right of redemption in the event the mortgage debt was not fully paid.

Nonjoinder of parties respondent, raised by demurrer, is stressed on appeal.

The bill, in setting forth the contentions of complainants as to the state of the indebtedness secured by the mortgage, disclosed a series of mortgages given by complainants to secure the same debt or line of indebtedness. Briefly rehearsed, the bill avers: That the initial mortgage was given in 1927 to T. J. Spear, the father of respondent, Mary Spear Mathison; that in 1930, a mortgage was given to J. O. McCall, son-in-law of T. J. Spear; that the principal part of the indebtedness was due T. J. Spear but that the mortgage was taken in the name of J. O. McCall in order to defeat a judgment against T. J. Spear secured against him by Virginia-Carolina Chemical Company; that renewals were made to McCall in 1931 and 1932; that T. J. Spear died in December, 1932; that in 1933 the mortgage was again renewed to McCall; that in 1934 the mortgage was again renewed, but taken in the name of Isa O. Spear, widow of T. J. Spear, deceased; that this mortgage was renewed in 1935; that finally in 1939, at the request of Mrs. Spear and Mary Spear Mathison, the mortgage was renewed to the latter. This was the mortgage foreclosed under the power of sale in 1940, the mortgagee purchasing at her own sale, as authorized in the mortgage. The bill alleged the amount of indebtedness recited in each of the successive mortgages, but that such amounts were inserted without regard to the true amount due; that the mortgagors could not read nor write, depended on T. J. Spear to keep the accounts; that after his death the other parties claimed the books were lost, but a discovery of the books after the last mortgage was executed revealed that the mortgage indebtedness was overpaid at the time of his death; that no other or further indebtedness was secured by this final mortgage, etc.

Appellant takes the view that J. O. McCall, Mrs. T. J. Spear, and the administrator of the estate of T. J. Spear, deceased, are necessary parties to the bill.

The bill does not affirmatively show any of these have an interest in the subject matter of the suit to be affected by the decree therein. True, the bill does not show any assignment of the mortgage to McCall in such form as to pass the legal title vested in T. J. Spear by the original mortgage. But if the motive for taking the mortgage to McCall was that averred in the bill, it would be binding as between the parties; effectual, as between T. J. Spear and J. O. McCall, to assign the in-

debtedness to McCall. A personal representative of the estate of Spear would stand in his shoes, could not claim the secured debt as assets of the estate. So far as appears, the later mortgage to Mrs. Spear was with full concurrence of Mr. McCall, passing to her as between them the ownership of the secured indebtedness. The final mortgage is expressly averred to have been made by agreement between Mrs. Spear and the daughter, Mrs. Mathison. This mortgage recites an indebtedness of $800 to Mrs. Mathison, evidenced by notes payable to her. So far as appears, each of the several mortgages, on its face, showed an indebtedness to the mortgagee therein named.

Certainly the bill discloses the respondent, Mrs. Mathison, claims under a mortgage made to her to secure a debt owned by her; and further discloses her ownership was derived through the series of mortgages mentioned. The bill, conceding to Mrs. Mathison the ownership of the indebtedness, if any, secured by the final mortgage, and conceding a regular foreclosure under the power of sale, sufficiently discloses the full legal title in her under our statute defining the legal effect of foreclosure under a power of sale in a mortgage. Code, Title 47, § 164; Jordan v. Ogden, 237 Ala. 626, 188 So. 235.

■ The bill does not disclose that any of the nonjoined persons named assert any claim to the subject matter of the suit. To bring them in at the instance of respondent would be to assert for them a claim in derogation of the right and title conceded to be in the respondent. In Hodge v. Joy, 207 Ala. 198, 207–209, 92 So. 171, 180, this court reviewed the authorities and quite clearly stated the rules governing necessary parties to suits in equity in sundry classes of cases.

We quote certain excerpts: "To be a necessary and indispensable party to a bill in whose absence the court will not proceed to a final decree, one 'must have a material interest in the issue which will be necessarily affected by the decree' before it will be said the court may not proceed in his absence." * * * " 'To constitute a necessary and indispensable party to a bill, in whose absence the court will not generally proceed to a decree, he must have a material interest in the issue which will be necessarily affected by the decree.' " * * * "That the whole title is not required to be brought before the court in cases where

prior or superior interests or claims upon the title are not affected by the suit or decree to be rendered, or the validity or priority of which is not disputed."

■■ So, in a suit to foreclose a junior mortgage, a vendor's lien, or other encumbrance, a senior mortgagee, whose priority is not questioned, need not be made a party. In general, a mortgage foreclosure suit need only bring in parties who have acquired an interest from the mortgagor or mortgagee subsequent to the mortgage. Like principles obtain on a bill to redeem either before or after foreclosure, where it is not sought to litigate rights of others not made parties. In dealing with a demurrer to a bill not affirmatively showing the absent parties had an interest in the subject matter when suit filed, this rule is quite applicable. Whiteman v. Taber, 203 Ala. 496, 501, 83 So. 595.

Dealing with the aspect of the bill seeking a cancellation of the mortgage to respondent upon the ground that there was no debt at the time of its execution, appellant argues the bill is without equity in this aspect because it is not averred the complainants are in possession, but, on the contrary discloses the respondents are in possession, and, it is argued, complainant has an adequate remedy at law by suit in ejectment.

■ The general rule that a bill to remove a cloud on title must show the complainant in possession and thus deprived of a remedy at law, is not to be questioned.

■ If, however, as averred in this bill, complainants, unable to read and write, relied upon the mortgagee to keep records of payments made, and by fraud or mistake on the part of respondent, the final mortgage was acquired without consideration, the mortgage passed the legal title; and a rescission by act of complainants could not divest such title. Hence, there was no adequate remedy at law. In such case cancellation may be had in equity, notwithstanding complainants are not in possession of the property. Davidson v. Brown, 215 Ala. 205, 110 So. 384.

■ By amendment additional parties respondent were brought in who are alleged to claim various interests in the lands under recorded deeds made subsequent to the foreclosure sale. It was not necessary to aver the particular interest claimed by each. This was defensive matter. The same policy given expression in Equity Rule 101,

Code 1940, Tit. 7 Appendix, relating to mortgage foreclosure suits, is applicable here. Wootten v. Vaughn, 202 Ala. 684, 81 So. 660. Apart from this principle, the bill is primarily to redeem and is to be so treated.

The bill and exhibits disclose a written demand made for a statement of the debt and lawful charges claimed by the respondent upon redemption under Code, Title 7, § 731, noncompliance therewith presenting a case for filing a bill without a tender under Code, Title 7, § 733. Demand made and signed by the attorneys for and on behalf of the mortgagors was sufficient.

The decree overruling the demurrers is affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.