# CHARLESTON.

## CLERC *v.* GREER *et al.*

### Decided March 9, 1901.

EJECTMENT—*Declaration—Description of Land.*

A description of land in an action of ejectment, showing the county, the quantity, the home farm (of which it was a part), the person to whom it was assigned, the suit in which partition was made, the surveyor who made the division, and all the lands by which it is bounded, is conveniently certain, within the meaning of the statute. (p. 103).

Error to Circuit Court, Jackson County.

Action by Mary E. Clerc against W. T. Greer and Mary J. Carder. Judgment for defendants, and plaintiff brings error.

*Reversed.*

V. S. ARSTRONG and N. C. PRICKITT, for plaintiff in error.

WM. A. PARSONS, for defendants in error.

DENT, JUDGE:

The writ of error to the judgment of the circuit court of Jackson County in the case of Mary E. Clerc against W. T. Greer and Mary J. Carder, sustaining a demurrer to the plaintiff's declaration presents the single question as to whether the following description of the premises sued for, to-wit: "A certain tract or parcel of land, lying and being in the county of Jackson aforesaid, and containing one hundred and ten acres, more or less, and bounded and described as follows, to-wit: By a tract of eighty-nine acres conveyed to said Mary E. Clerc by J. H. Riley and Wm. O. Parsons, special commissioners in the chancery cause of W. T. Greer against Ziba D. Carder and others; by lands of B. B. Board; by lands surveyed to John W. Carder and Burton Carder in a division of the home farm of the late John S. Carder, made by John Hargrave, surveyor, and bounded by the lands of Z. K. Parish, and being the part of said John S. Carder farm allotted to said Ziba D. Carder in the partition of said home farm made by said surveyor Hargrave," satisfies the convenient certainty to enable the sheriff to deliver possession, required by the statute.

In other words, is this such certainty of description as will enable the sheriff conveniently to find the premises and deliver them to the plaintiff with her assistance? The premises are described as being in Jackson County and containing one hundred and ten acres, more or less—the words "more or less" have a well defined technical meaning, to-wit: a small fraction in excess or deficiency caused by a difference in surveys or variations in instruments or similar causes. *Pratt* v. *Bowman,* 37 W. Va. 723, —being that part of the John S. Carder farm allotted to Ziba D. Carder in the partition of the home farm made by surveyor Hargrave and bounded by a tract of eighty-nine acres conveyed to plaintiff in the chancery cause of W. T. Greer against Ziba D. Carder and others and by lands of B. B. Board and the shares of John W. and Burton Carder assigned in the same suit, and the lands of Z. K. Parish. This description presumptively shows the county, the quantity, the farm to which it belongs, all the lands by which it is surrounded, refers to the suit in which par-

tition was made and the surveyor who made the partition, all of which must be presumed to have occurred in Jackson County. Thus giving references by which any uncertainty in the description can be conveniently made certain by the record evidence of title.

This is all that is required in a deed and is therefore sufficient in an action of ejectment. If not certain within itself, it points out the means through which it can be conveniently made certain, and thereby complies with the rule "that that is certain which can be made certain." *Simpkins* v. *White et al.*, 43 W. Va. 125; *Postlewaite* v. *Wise*, 17 W. Va. 10.

The judgment is reversed, the demurrer overruled, and the suit remanded.

*Reversed.*