Argued Nov. 1, decided Nov. 30, 1909, rehearing denied Feb. 8, 1910.

### ST. DENNIS v. HARRAS.

[105 Pac. 246; 106 Pac. 789.]

LANDLORD AND TENANT—LEASE—MATTERS OF DESCRIPTION.

1. Where a lease described the land as the "J. St. D. ranch," containing 640 acres, and located on a certain reservation, land sought to be included as intended by the parties must be identified by the name "J. St. D. ranch," consisting of 640 acres.

DEEDS—REQUISITES—DESCRIPTION—SUFFICIENCY.

2. The description of the property conveyed must be sufficient to identify it with reasonable certainty, but, since that is certain which can

be made certain, a tract may be conveyed by a distinguishing name by which it is known, without reference to the boundaries.

LANDLORD AND TENANT — LEASES — DESCRIPTION OF PROPERTY — SUFFICIENCY.

3. A lease of land known as the "J. St. D. ranch" sufficiently described the land if the name referred to it as a definite tract, but the name must control the boundaries as well as the quantity included therein, notwithstanding a statement in the lease that such ranch consisted of a certain number of acres.

LANDLORD AND TENANT—LEASES—LAND INCLUDED.

4. In an action to cancel a lease for fraud, in which defendant filed a cross-bill to reform it by including lands therein which the parties intended to include, facts *held* to show that the land sought to be included was land which plaintiff had no right to lease, and could not have intended to include therein.

LANDLORD AND TENANT—FRAUD.

5. In an action to cancel a lease for fraud, in which defendant filed a cross-bill to reform it by including land therein which he claimed the parties intended to include, evidence *held* to show bad faith by defendant in inducing plaintiff to include more land in the lease than he owned or had a right to lease.

REFORMATION OF INSTRUMENTS—DEFENSES—FRAUD.

6. Defendant was not entitled to have a lease of land described as the "J. St. D. ranch" reformed so as to include certain land therein, where he was guilty of bad faith in inducing plaintiff to include more land in the lease than he had a right to lease, and did not identify the boundaries of the ranch described.

REFORMATION OF INSTRUMENTS—LEASE—EQUITY.

7. Equity will not reform a lease so as to include other lands not owned by the lessor, and under such circumstances the lessee should be left to his remedy at law upon the lease according to its terms.

From Umatilla: HENRY J. BEAN, Judge.

Statement by MR. JUSTICE EAKIN.

This is a suit in equity originally commenced by plaintiff, Desire St. Dennis, known also as Jerry St. Denis, against Reinhold Harras, for the purpose of having canceled a lease, given by plaintiff to defendant, for the reason that the same was secured by fraud and that plaintiff was not capable of executing it. After defendant filed his answer in the case, and before the commencement of the trial, plaintiff moved the court for a voluntary nonsuit, which was denied, because the answer set up a counterclaim; and thereafter plaintiff moved the court to dismiss the amended complaint which was allowed.

On July 13, 1908, the trial proceeded upon the issues raised by the answer and reply. The lease, the cancellation of which was sought by plaintiff, was executed on February 24, 1908, at Walla Walla, Wash., by Desire St. Dennis, party of the first part, to Reinhold Harras, second party; and, so far as it is important on this appeal, is as follows:

"That the party of the first part has leased and let, and by these presents does lease and let unto the party of the second part those certain lands in Umatilla County, Oregon, known as the Jerry St. Dennis ranch, located on the Umatilla reservation in said Umatilla County, and consisting of six hundred and forty (640) acres, and including the home place where the party of the first part now resides, for the period of ten years from the date hereof, and party of the second part agrees to pay to the party of the first part for the use and occupancy of said land the sum of $3.00 per acre per annum to be paid yearly in advance on the 24th of February of each and every year. It is hereby understood and agreed that the party of the second part takes this lease subject to all the rights which one James Bell may have in and to the same by reason of a lease heretofore executed to him by the party of the first part hereto, the party of the second part to have possession of the twenty acres known as the home place from and after the execution of this lease."

The basis for the affirmative relief sought by defendant's answer is that since the execution of the lease plaintiff has represented to others that he was drunk when he executed the lease, and did not understand the terms, and sought to discredit the lease and on April 22, 1908, made another lease of the same premises to one Dudley, and has placed other persons in possession of the premises, claiming by deed thereto adversely to defendant; that on June 29, 1908, defendant assigned his right, title and interest under this lease to D. W. Bailey, who is now the owner thereof; that at the time of the execution of the lease neither of the parties thereto knew the description by

legal subdivisions of the land; that it was intended by the parties thereto that the Jerry St. Dennis ranch included and referred to property described as follows: S. W. ¼ of N. W. ¼ and lots 4 and 5 in section 4; the E. ½ of N. E. ¼; W. ½ of N. E. ¼; E. ½ of N. W. ¼; N. W. ¼ of S. E. ¼; N. E. ¼ of S. E. ¼, all in section 5; the N. W. ¼ of S. W. ¼ and lot 7 in section 4, township 3 N. range 35 E.; and the N. ½ of N. W. ¼ of section 13, township 3 N., range 34 E., being what is known as the St. Dennis home place, where he now lives and has heretofore resided—that because the lands are not described in the lease by legal subdivisions plaintiff has declared his purpose to repudiate the same; that defendant has paid to plaintiff as rent upon the lease the sum of $241. Defendant prays that the lease be reformed and decreed to include the lands above described; that the lease be adjudged valid; that plaintiff, and all persons claiming under him subsequent to February 24, 1908, be enjoined from interfering with the premises; and that D. W. Bailey be substituted as defendant in this suit.

The reply admits that plaintiff did make his mark to the lease referred to, but that, through the procurement of the defendant, he was so intoxicated that he did not understand the consequences of his act or know what he was doing; admits that he has since represented that, if he signed the lease referred to, it was when he was drunk and irresponsible; denies the payment to him of any sums on said lease, and all other allegations not so admitted, and affirmatively alleges that defendant procured plaintiff to become intoxicated and while in that condition, for the purpose of cheating plaintiff, obtained his signature to the lease; alleges that there is no ranch on the reservation known as the Jerry St. Dennis ranch containing 640 acres or more than 160 acres; and that plaintiff does not own more than 80 acres on the reservation, and that the lands described in the answer are located on the

reduced Umatilla reservation, being allotments to the Walla Walla band of Indians, under the act of Congress of March 3, 1885, and that the following portions of said allotted lands have not been patented to the allottees or their heirs, viz.: E. ½ of N. E. ¼ of section 5; lots 4 and 5, and the S. W. ¼ of N. W. ¼ of section 4, containing 151 acres; and the E. ½ of N. W. ¼ of section 5, and lot 7 of section 4, but that the title still remains in the United States government, and plaintiff prays that the defendant take nothing by this suit.

The cause was tried upon these issues before the court, who found in favor of defendant, and rendered a decree accordingly, and plaintiff appeals.

REVERSED: DECREE RENDERED.

For appellant there was a brief with oral arguments by *Messrs. Lowell & Winter,* and *Messrs. Peterson & Wilson.*

For respondent there was a brief and oral arugments by *Mr. James H. Raley,* and *Mr. Douglas W. Bailey.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. The plaintiff is not asking affirmative relief; but defendant seeks to quiet his title to the property under the lease, which is described in the lease as being the "Jerry St. Dennis ranch, located on the Umatilla reservation, in said Umatilla County, and consisting of six hundred and forty (640) acres, and including the home place, where the party of the first part now resides." The land sought to be included in the lease must be identified by the name "Jerry St. Dennis ranch," consisting of 640 acres on the Umatilla reservation, and defendant now seeks to establish by legal subdivision the lands constituting the ranch.

2. The description of the property intended to be conveyed must be such that it can be identified with reason-

able certainty. *Bingham* v. *Honeyman,* 32 Or. 129 (51 Pac. 735: 52 Pac. 755) ; *House* v. *Jackson,* 24 Or. 89 (32 Pac. 1027). That is certain which can be made certain. If the tract or parcel of land has a name to distinguish it, and by which it is known, it may be conveyed by that name without making reference to boundaries. *Bogard* v. *Barhan,* 52 Or. 121 (96 Pac. 673).

3. In this case the property is specified by the name "the Jerry St. Dennis ranch," which is a sufficient designation if it is the name of a definite parcel of land, but such a designation must control its boundaries, as well as the quantity included, independent of the statement "consisting of 640 acres." But the testimony does not tend to locate the boundaries of the Jerry St. Dennis ranch, but to prove the description of lands owned by persons bearing plaintiff's family name. The reference in the lease to the ranch as "consisting of 640 acres" is only an additional item of identification, and cannot operate to include in the ranch lands not part of it. Equity cannot enlarge the ranch.

Defendant in his answer only claims that the "ranch" includes 551 acres. Witness Bell says that the Jerry St. Dennis ranch includes 391 acres, of which 160 acres belong to St. Dennis' wife (evidently meaning his present wife), 80 acres is deeded to plaintiff, and 151 acres is the Rosa St. Dennis allotment, and that there is no ranch of 640 acres known as the "Jerry St. Dennis ranch." The 160 acres belonging to the wife, and the 80 acres deeded to plaintiff are not described or identified. Defendant contends that the leased property is the same land that is rented to Bell, together with the home place of 20 acres. Bell says he had only 371 acres leased from all the members of the St. Dennis family, including the Mrs. St. Dennis land. Therefore the statement in the lease, "consisting of 640 acres," is without force in the case, either in identifying the ranch or the number of acres

contained therein. The court cannot assume that plaintiff
meant to include in the lease, or by the term "Jerry St.
Dennis ranch," any lands that he did not have the right
to lease, and, if he is to be held by the terms of the lease,
the lands must be such as are included within the bound-
aries of the ranch known as the "Jerry St. Dennis ranch."

Witness Moorehouse, called to describe the lands situ-
ated in this ranch, was asked: "Tell us the legal descrip-
tion by survey of the St. Dennis land?" And he pro-
ceeded to give a description of the lands allotted to vari-
ous Indians named St. Dennis, none of which belonged
to this plaintiff. Col. Raley was asked to "tell us the
description by legal subdivisions and according to the
public survey what lands are known as the Jerry St. Den-
nis ranch?" and answered, "I could point out the different
allotments to the different members of the St. Dennis
family"; and he did so. This, however, does not identify
the "Jerry St. Dennis ranch," nor does it show that plain-
tiff owned any of this land. In fact, there has been no
effort by defendant to prove that plaintiff had a right
to lease any of this land. The evidence does show that
Rosa St. Dennis, aged 42, was allotted the S. W. ¼ of
N. W. ¼ and lots 4 and 5 in section 4, and the E. ½ of
N. E. ¼ of section 5, consisting of 151.53 acres; that
Jerry St. Dennis, a son of Rosa, was allotted the W. ½
of N. E. ¼ of section 5; that Rosa St. Dennis, a daughter
of Rosa St. Dennis, was allotted the E. ½ of N. W. ¼
of section 5; that Joseph St. Dennis, a son of Rosa St.
Dennis, was allotted the N. W. ¼ of the S. E. ¼ of sec-
tion 5; that Mary St. Dennis, a daughter of Rosa St.
Dennis, was allotted the N. E. ¼ of S. E. ¼ of section 5;
that Cecelia St. Dennis, a daughter of Rosa St. Dennis,
was allotted the N. W. ¼ of S. W. ¼ of section 4; and
that Nelson St. Dennis, a son of Rosa St. Dennis, was
allotted lot 7 in section 4, all in township 3 N., range 34
E. These are the lands described in the answer and

Sig. 13

sought to be substituted in the lease as the "Jerry St. Dennis ranch." The only suggestion in the record that plaintiff had any right or title to any of these lands is that Rosa St. Dennis, first named, was his wife, and is now dead. Therefore he may have a curtesy estate in her lands, and that Mary and Cecelia are both dead, and there is oral testimony that their allotments have been patented to plaintiff as their father and heir. Also there is testimony tending to show that Julia Marcett was the second wife of plaintiff, and is now dead. He may have a curtesy estate in her lands, but, excepting the Rosa St. Dennis allotment, they are not shown to be part of the "Jerry St. Dennis ranch," but evidently the title to some of it is in others than plaintiff.

The United States statute provides that, while the United States remains the trustee of the title, allotted lands cannot be leased for a longer period than three years if for farming or grazing purposes, and then only on the approval of the Secretary of the Interior. So far as this record discloses, the title to the allotted lands of Rosa St. Dennis, Rosa St. Dennis, daughter, and Nelson St. Dennis, is in the United States government as trustee, and they come within the provision of that statute, and the heirs of the deceased allottees have an interest therein that the government, as trustee, seeks to protect. It also appears that the plaintiff has died since the trial of this suit, thus terminating his estate by the curtesy, as well as terminating his lease of such lands, if otherwise valid. Witness Bell is the only witness asked whether the Marcett land is known in the vicinity, where it is located, as the St. Dennis land, and he answers: "I have always known it as the Marcett land. The 'Marcett 80' is what it is generally called." Although defendant has not attempted to prove that the title to this land was in plaintiff at the time of making the lease, we refer to these facts to show that to amend the lease as requested would

be to include land to which plaintiff had no right, and could not have intended to lease, and thus make trouble and possible litigation for innocent parties.

5. It appears that plaintiff was illiterate; could neither read, write nor sign his name. There is testimony tending strongly to show that, prior to the execution of the lease, defendant began to plan to take advantage of the plaintiff, and "work old Jerry out of" his land. On February 24, 1908, defendant and plaintiff were going from Pendleton to Walla Walla to execute the lease, plaintiff being so intoxicated that he had to be helped on the train, and they continued drinking while on the train, and, when they arrived at Walla Walla, defendant took plaintiff to a saloon, where more drinks were taken, and when the lease was drawn up, and plaintiff made his mark to his name thereon, he was intoxicated. The defendant afterward, within three or four days, tried to sell the lease to Caldwell, and later sold it to D. W. Bailey. Bell, whose lease on the land had not expired, testified that at about the same time defendant said to him: "'You stand in with me, and I will stand in with you; and don't you pay the old * * (man) any more rent,' he said. And he says, 'I have got all his papers. I have them locked up in my safe. I have them solid. He can't do anything.'"

6. The lease called for the rent in advance and was due February 24, 1908, the day the lease was signed, being $1,920 (if defendant in good faith understood there were 640 acres). Sixty-five dollars was paid as rent, as recited in the receipts, part of it while plaintiff was still drinking at Walla Walla, after the lease was signed. But the rent was not paid according to the terms of the lease. The defendant knew that these were Indian lands, allotted to members of the St. Dennis family as Indians. He also knew that Bell's lease would not expire until October 1, 1909, and yet had his lease include that period. This

evidence of bad faith on the part of the defendant, together with the failure of defendant to identify the boundaries of the "Jerry St. Dennis ranch," and the want of right or title in plaintiff to much of the land, which defendant seeks to have included in the lease, discloses that defendant is not entitled to the relief sought, and there is no equity in his favor.

A decree will be rendered here, dismissing the cross-bill, and that plaintiff recover his costs and disbursements, accruing on and after July 13, 1908, and that defendant recover disbursements incurred by him prior to that date.        REVERSED: DECREE RENDERED.

Decided February 8, 1910.

ON PETITION FOR REHEARING.

(106 Pac. 789.)

MR. JUSTICE EAKIN delivered the opinion of the court.

7. The principal contention of counsel in the motion for a rehearing in this case is based upon a misconception of the effect of the decision, viz.: It is assumed that we have adjudged the lease void, and have permitted plaintiff to dispute his own title to the land described therein. But the validity of the lease is not involved, and we did not pass upon it. It was attacked by the complaint, but plaintiff took a voluntary dismissal of the complaint, and the cause was tried only upon the answer, asking for affirmative relief by reforming the description of the property contained in the lease.

The opinion refers to defendant's plans upon St. Dennis, the latter's intoxication, and defendant's conduct and statements only as circumstances tending to show a want of equity in his favor. The relief sought by defendant is not to reform terms inserted in the contract by fraud, accident, or mistake, the ground for equitable

relief in such cases, but to add to its terms, and the want of title in St. Dennis to part of the land, where there is a doubt whether it is covered by the lease, is a fact that equity will consider in determining whether the lease should be reformed to include it. If the land, description of which is now asked to be inserted in the lease, is not included in the description therein, or if there is a doubt about it, equity will not aid it under the facts proven, as to do so would not entitle defendant to the property. It could only aid him in an action for damages, and for those, he should be left to his remedy at law upon the lease according to its terms. It is time enough to question St. Dennis' right to deny his title when it is shown that he contracted with regard to property title to which he disclaims.

The motion is denied.

REVERSED: DECREE RENDERED: REHEARING DENIED.