Argued July 11, affirmed October 2, 1923.

## WESTERVELT *v.* RISLEY ET AL.

(218 Pac. 751.)

**Pleading—Land Held Described With Sufficient Certainty.**

1. Description of land in a complaint *held* to comply with the certainty required in a deed, and therefore to be sufficient; no greater certainty than is required in a deed being essential to a pleading.

**Adverse Possession—Possession for Ten Years, Giving Title Against the World, Held Established.**

2. Evidence *held* to establish that possession of land by plaintiff and her predecessors was actual, visible, notorious, hostile, continuous and uninterrupted for ten years, giving title against the world.

From Clackamas: J. U. CAMPBELL, Judge.

Department 2.

AFFIRMED.

For appellants there was a brief and oral argument by *Mr. Jos. E. Hedges.*

For respondent there was a brief over the names of *Mr. W. E. Richardson* and *Messrs. Hendrickson & Scudder,* with an oral argument by *Mr. Richardson.*

McCOURT, J.—This is a suit to quiet title. Plaintiff in her complaint alleges that she is the sole owner in fee simple, and in possession, of Tracts Two and Three of Block One, Fir Grove, Clackamas County, Oregon; the complaint also describes the land in question by courses and distances as the same are surveyed and staked out on the ground for the recorded plat of Fir Grove.

Plaintiff further avers in her complaint that each of the defendants claims an estate or interest in the described premises adverse to the plaintiff, and that

such claims, and each and all of them, are without any right whatever, and that none of the defendants have any estate, right, title or interest whatever in the premises, or any part thereof.

Nine defendants, referred to in the briefs as the "Risley heirs," answered plaintiff's complaint. The remaining defendants made default. The answering defendants denied plaintiff's allegations of ownership of the land in question, and alleged affirmatively that the defendants were the owners of the north fifty feet of the premises to which plaintiff claims ownership. Defendants prayed for a decree declaring them to be the owners in fee simple of the strip of land described in their answers and that title thereto be quieted in them.

Plaintiff in her reply denied defendants' averments of ownership, and alleged affirmatively—

"That the plaintiff and her grantors from whom she derives her title have been in the quiet, sole and peaceable possession of all the said real property set forth in her amended complaint holding the same openly, notoriously and adversely to all persons whatsoever for more than ten years before the commencement of this suit; that neither the defendants, nor any of them, nor their or any of their ancestors, predecessors, or grantors was or were seised or possessed of said real property or any part thereof within ten years before the commencement of this suit. "

After hearing all the testimony adduced at the hearing in said suit, the court found upon the issue of adverse possession in the language of the above allegation of plaintiff's reply, and also made the further finding:

"That plaintiff is the sole owner in fee simple and in possession of all the real property set forth and described in her amended complaint, and that the

defendants and each of them have no right, estate or interest in said real property of in any part thereof.''

The court gave a decree in conformity with its findings. Defendants appeal from that decree.

1. Defendant's first contention is that the description contained in the complaint is so uncertain that it fails to identify and describe any particular land, thereby rendering the complaint insufficient as against demurrer. The description set forth in the complaint complies with the certainty of description required in a deed: *Bogard* v. *Barham,* 52 Or. 121, 124 (96 Pac. 673, 132 Am. St. Rep. 676, 678). No greater certainty of description is essential to a pleading than is required in a deed, and the complaint is therefore sufficient.

There is no serious conflict in the evidence. The tract of land described in the complaint contains approximately two acres. The deeds of conveyance to plaintiff upon which she bases her title, describe the land as Lot Two and Lot Three respectively ''in subdivision of Block 1 in Fir Grove, Clackamas County, Oregon, according to the duly recorded plat thereof.'' The plat of Fir Grove was executed and filed by J. H. Broetje and wife, and was approved and recorded in the records of Clackamas County on July 6, 1910. According to the survey made and staked upon the ground in connection with the preparation of that plat, the north and south lines of the land claimed by plaintiff are each 353.7 feet in length. The length of the east line is 245.55 feet, and that of the west line 246.68 feet. The foregoing distances include road easements twenty-five feet in width on the south and west sides of the tract.

As above indicated, the Risley heirs do not assert title to the whole tract of land described in plaintiff's complaint; their claim of title adverse to plaintiff is confined to the north fifty feet thereof.

The documentary evidence offered at the trial in the Circuit Court established the record title to the disputed strip in the Risley heirs. The north line of Fir Grove, as shown by the plat of that subdivision and as staked and marked upon the ground, is also the north line of the strip of land, record title to which is in the Risley heirs.

About the year 1893 a fence was erected upon that line; that fence stood until about 1908, when it was rebuilt upon, and now marks, the same line.

On and prior to May 13, 1896, John Foott and John Prideaux owned fifteen acres of land, of which the tract claimed by plaintiff, including the strip in controversy, was a part. On the date last mentioned Foott and Prideaux conveyed to Jacob S. Risley, the ancestor of the answering defendants, a strip fifty-four feet wide off the north end of the land owned by them. The description in the deed of Foott and Prideaux to Risley described the north line of the strip conveyed as being approximately the line where the fence above described is now located. Neither Jacob S. Risley nor his successors in interest, herein designated as the Risley heirs, ever entered into the occupancy or possession of that strip of land, nor did they or any of them, ever make any improvements thereon, and Jacob S. Risley did not own any other land in the vicinity at the time he received a deed therefor, or subsequent thereto, and the Risley heirs have not at any time owned any other land in the vicinity of the disputed strip.

On December 4, 1902, John Prideaux, having acquired the interest of John Foott in the lands for-

merly owned by them jointly, conveyed six and one-fourth acres thereof to J. H. Broetje. The deed from Prideaux to Broetje described the north line of the land conveyed as running along "the south boundary line of the strip of land owned by Jacob S. Risley," and also described that line as beginning and ending respectively at the identical points designated in the deed of Foott and Prideaux to Risley as the beginning and ending points of the north line of the strip of land conveyed to Jacob S. Risley by that deed.

Stated otherwise, the description of the north line of the premises conveyed by the deed of Prideaux to Broetje was ambiguous; in effect it was stated to be a line corresponding to the line of the fence above described and also a line parallel with, and fifty-four feet south of, that line.

J. H. Broetje, the immediate grantor of plaintiff, construed his conveyance from Prideaux as vesting title in him to the fence above described as his north line. On receipt of his deed from Prideaux, Broetje entered into actual possession of the land, and continuously occupied the same openly and exclusively from 1902 until he placed plaintiff and her husband in possession thereof in April, 1911. Broetje improved the land, and cultivated the whole tract, including that claimed by plaintiff, up to the above-described fence. He raised fruit, berries, vegetables and agricultural crops thereon during each year of his occupancy and possession of the land, and during all that time claimed the land up to the line of the fence as his own.

Broetje, as owner of the land, in June, 1910, platted the same as Fir Grove. In the survey which Broetje caused to be made in preparation of that

plat, the north line thereof as surveyed, staked and marked upon the ground, corresponded almost exactly with the line of the fence hereinbefore mentioned. Permanent stakes and monuments indicating the line were set in the ground. Lots Two and Three in Fir Grove, as shown upon the plat and as surveyed and marked upon the ground, extend to that line.

In April, 1911, plaintiff and her husband contracted to purchase Lots Two and Three in Fir Grove from Broetje, and thereupon entered into the actual possession and occupancy of the premises, and continuously asserted claim and title to the whole thereof up to the line of the fence which marked the north boundary thereof upon the ground. They erected a dwelling-house and other buildings upon Lot Three, and cultivated both lots. Fruit trees were planted upon Lot Two, and clover and other crops were raised thereon. The possession of plaintiff and her husband was visible, notorious and exclusive, and their claim of ownership continued until the time of the trial in the Circuit Court.

Lot Three in Fir Grove was conveyed by warranty deed to plaintiff by John H. Broetje on May 1, 1913. On the same date Broetje conveyed Lot Two in Fir Grove to John R. Westervelt, husband of plaintiff, who thereafter conveyed the same to plaintiff.

2. It is unnecessary to review the evidence in greater detail. The foregoing is deemed sufficient to show that the evidence establishes that the possession of the disputed strip of land held by plaintiff and her predecessors, was actual, visible, notorious, hostile, continuous and uninterrupted for more than ten years.

Numerous decisions of this court hold that title by adverse possession is created by an actual posses-

108 Or.—42

sion which is visible, notorious, hostile and exclusive under a claim of ownership continuing for ten years, and that such possession operates to convey a complete title to the possessor as against the former owner and all the world: *Anderson* v. *Richards,* 100 Or. 641 (198 Pac. 570), and earlier Oregon cases collected and cited therein.

The decree of the Circuit Court is affirmed.

AFFIRMED.

BEAN, BROWN and RAND, JJ., concur.