Argued October 14, affirmed November 15, rehearing denied December 20, 1927, rehearing denied February 28, 1928.

# SECURITY SAVINGS & TRUST COMPANY *v.* WILLIAM OGDEN ET AL.

### (261 Pac. 69.)

**Ejectment—Description in Complaint of Beginning Point of Property as Intersection of Road With Line Established by Circuit Court Decree, Giving Particular Page of Court's Journal, Held Sufficient as Against Demurrer (Or. L., § 327).**

1. In action for ejectment complaint describing property as "beginning at intersection of the east line of macadam road, * * and that certain line established by a decree rendered on November 4, 1901, by the Circuit Court, * * and which said decree was entered on page 101 of Journal 147 of said Circuit Court," *held* sufficient, under Section 327, Or. L., to identify beginning point as against demurrer for uncertainty.

**Ejectment—Sufficiency of Description of Property in Ejectment Depends on Whether Sheriff Could Identify Property (Or. L., § 327).**

2. In action in ejectment, sufficiency of description in complaint is tested by whether sheriff, in event plaintiff prevailed, could identify property and carry writ of possession into execution, in view of Section 327, Or. L.

**Pleading—Reference may be Made to Court Records in Description of Property.**

3. Description of property in pleading involving real estate may refer to court records.

**Pleading — Description of Property will be Considered Certain, Where It can be Made Certain by Reference.**

4. Description of property in pleading will be considered certain, where it can be made certain by examination of references given.

**Pleading—No Greater Certainty in Describing Property in Pleadings is Required Than in Conveyance.**

5. No greater certainty with regard to description of property is required in pleading than in conveyance.

**Evidence — Surveyor of Many Years' Experience, Who had Surveyed Property Involved, Held Competent to Identify It With Premises Described in Leases.**

6. In action of ejectment, admitting testimony of surveyor of many years' experience, who had surveyed property in question,

1. Construction of "beginning at the side of a road," see note in 39 Am. Rep. 305.

2. See 9 R. C. L. 893.

5. Description of property in deeds may be general, see note in 66 Am. St. Rep. 59. See, also, 8 R. C. L. 1076.

that premises described in certain leases were included in those described in complaint, *held* not error.

**Adverse Possession—Evidence of Defendant's Failure to Pay Taxes Held Admissible in Ejectment as Against Defense of Adverse Possession.**

7. In action of ejectment, where defense was adverse possession, evidence that defendant failed to pay taxes on land in dispute *held* admissible.

**Witnesses — Field-notes of Assessors, Showing Property was Listed on Tax Rolls, Held Admissible, in Ejectment Action, to Contradict Defendant's Testimony as to Information Obtained in Assessor's Office.**

8. Where defendant, claiming property under adverse possession, testified that he was informed at assessor's office that property could not be located or identified, field-notes of assessor, purporting to show that property was in fact listed on tax rolls, were admissible, in ejectment action, to contradict defendant's testimony.

**Landlord and Tenant—Tenant may not Dispute Landlord's Title.**

9. One who leases property may not acquire title under lease as against landlord or dispute landlord's title.

**Landlord and Tenant—Person Leasing Property Before Expiration of Statutory Period Held not Entitled to Assert Defense of Adverse Possession Against Landlord's Successor in Title.**

10. In ejectment action, defendant, who leased property from plaintiff's predecessor in title before statutory period had expired, *held* not entitled to defeat plaintiff's claim on ground of adverse possession.

---

Adverse Possession, 2 **C. J.**, p. 135, n. 35, p. 276, n. 59.
Appeal and Error, 4 **C. J.**, p. 1167, n. 94.
Certainty, 11 **C. J.**, p. 75, n. 71.
Deeds, 18 **C. J.**, p. 180, n. 94, p. 184, n. 38, 47.
Ejectment, 19 **C. J.**, p. 1106, n. 63, 65, p. 1107, n. 74, p. 1108, n. 80, p. 1176, n. 95, p. 1186, n. 70 New.
Evidence, 22 **C. J.**, p. 690, n. 51.
*Id Certum Est*, 31 **C. J.**, p. 235, n. 89.
Landlord and Tenant, 35 **C. J.**, p. 1249, n. 46.
Taxation, 37 **Cyc.**, p. 788, n. 58.

7. See 1 **R. C. L.** 699.
9. Adverse possession by tenant against his landlord, see notes in 89 **Am. St. Rep.** 85; 53 **L. R. A.** 941; 12 **L. R. A. (N. S.)** 1148. See, also, 1 **R. C. L.** 746; 16 **R. C. L.** 662. Estoppel of tenant to deny title of landlord in action by landlord to recover possession, see note in **Ann. Cas.** 1912D, 101.
10. Estoppel of tenant in possession prior to lease to deny landlord's title, see notes in 4 **Ann. Cas.** 108; **Ann. Cas.** 1913D, 1069. See, also, 16 **R. C. L.** 649, 659.

From Multnomah: ROBERT TUCKER, Judge.

Department 2.

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. George S. Shepherd.*

For respondent there was a brief over the names of *Messrs. Simon, Gearin, Humphreys & Freed* and *Mr. V. V. Pendergrass,* with an oral argument by *Mr. Lester W. Humphreys.*

BELT, J.—This is an action in ejectment to determine the title and right to possession of a narrow strip of land in Multnomah County, bordering on the Willamette River near Fulton Park Addition. Demurrer to complaint was overruled and the defendant Gatt answered denying plaintiff's ownership and alleging affirmatively that he had acquired title to the land in controversy by adverse possession. Verdict was had for the plaintiff and defendant appeals from the judgment entered thereon.

1, 2. The defendant challenges the sufficiency of the complaint in that the description of the land set forth therein is so indefinite and uncertain that it cannot be identified. The property is thus described:

"That certain tract situated in Section 22, Township 1 South, Range 1 East of the Willamette Meridian, and in the City of Portland, County of Multnomah and State of Oregon, to-wit: Beginning at the intersection of the East line of Macadam Road, as now laid out and established, and that certain line established by a decree rendered on November 4, 1901, by the Circuit Court of the State of Oregon for Multnomah County, in a suit wherein The Southwest Portland Real Estate Company was plaintiff

and Robert Irving was defendant, and which said decree was entered on page 101 of Journal 147 of said Circuit Court; and running thence Southerly along said East Line of said Macadam Road, as now laid out and established, to an iron pipe bearing South 62 degrees 20½′ West and being 13.70 feet distant from another iron pipe at the Three Mile Post, and running thence North 62 degrees 20½′ East to the low water line of the Willamette River and running thence Northerly along said low water line to its intersection with the Easterly extension of said line established by decree of Court as aforesaid, and running thence Westerly along said line so established by decree of Court and its Easterly extension to the place of beginning."

Defendant particularly objects to the beginning point in the description. His contention in that respect is that the description in the pleading must be sufficient in itself, without reference to records or other writings. We do not understand such to be the law. The sufficiency of the description is tested by whether the sheriff, in the event the plaintiff prevailed, could identify the property and carry into execution the writ of possession. As stated in Section 327, Or. L.:

"The property shall be described with such certainty as to enable the possession thereof to be delivered if a recovery be had."

3–5. That reference in a description may be made to court records is well established: *Seely* v. *Howard,* 23 Mich. 11; *Little* v. *Thomas,* 204 Ala. 66 (85 South. 490); *Washington Realty Co.* v. *Stacy Land Co.,* 207 Ala. 117 (92 South. 250); *Clerc* v. *Greer,* 49 W. Va. 102 (38 S. E. 485); 8 R. C. L. 1078. The maxim, "That will be considered certain which can be made

certain," applies. In *Bagley* v. *Bloch,* 83 Or. 607
(163 Pac. 425), it is said:

" * * when in the description of land contained in
a deed reference is made to a public record where an
adequate delineation of the realty may be found, re-
sort may be had thereto in order to identify the
premises."

In support of the above rule also see: *House* v.
*Jackson,* 24 Or. 89 (32 Pac. 1027); *Bogard* v. *Barhan,*
52 Or. 121 (96 Pac. 673, 132 Am. St. Rep. 676);
*Dennis* v. *Harras,* 55 Or. 379 (105 Pac. 246, 106 Pac.
789); *Oregon Growers' Assn. etc.* v. *Lentz,* 107 Or.
561 (212 Pac. 811). It is true that these cases in-
volve the description in deeds, but no greater cer-
tainty is required in a pleading than in a conveyance:
*Westervelt* v. *Risley et al.,* 108 Or. 652 (218 Pac.
751). Plaintiff, by its complaint, has, with a reason-
able degree of certainty, apprised defendant of the
particular land which it claims to own. If there was
any doubt in his mind as to the beginning point of
the description, it could have been removed by an
examination of the court records to which reference
was made. We are of opinion that the description
is sufficient. A surveyor would have had no trouble
in locating the land and establishing its boundaries.

Defendant recognized the above rule. He alleged
in his affirmative answer that he was the owner of lot
M in Fulton Park, Multnomah County, Oregon,
"according to the plat of said Fulton Park of record
in the office of the County Clerk of Multnomah
County, Oregon." If reference to such record will
suffice, it would seem to be proper practice to refer
to a designated suit wherein the decree was recorded
in the Circuit Court journal at a certain volume and
page. The strict rule relative to descriptions of

property in pleadings as announced in some of the older cases has, in modern practice, been much relaxed: *Glacier Mountain Silver Mining Co.* v. *Willis,* 127 U. S. 471 (32 L. Ed. 172, 8 Sup. Ct. Rep. 1214); 19 C. J. 1107.

6. Error is predicated in permitting witness Marshall to testify that the premises described in certain leases were included in those described in the complaint. It was shown that Marshall is a surveyor of many years' experience and had surveyed the property in question. It was unquestionably proper for him to identify the land. As stated in 9 R. C. L. 910:

"Land, when sued for in ejectment, may be identified as other property, and in such an action a civil engineer, who has surveyed the land in dispute, is competent to testify that the lands described in the complaint constitute a part of the lands described in a deed seen by the witness, and offered in evidence by the plaintiff."

Also see 22 C. J. 690; *Dorlan* v. *Westervitch,* 140 Ala. 283 (37 South. 382, 103 Am. St. Rep. 35).

7. To refute claim of adverse possession plaintiff offered evidence that defendant had failed to pay taxes on the land in dispute. Objection to this inquiry was properly overruled. It was possible for defendant to have acquired title without the payment of taxes, but his failure to do so was evidence worthy of much consideration by the jury. Ordinarily, a person pays taxes on that which he owns: *Phipps* v. *Stancliff,* 118 Or. 32 (245 Pac. 508).

8. Defendant testified that he went to the assessor's office for the purpose of paying taxes on the property involved, giving such officer a description of the same, but was informed it could not be located or

identified. In contradiction of this testimony the field-notes of the assessor were offered in evidence purporting to show that the property was, in fact, listed on the tax rolls. We see no error in admitting this evidence. It was not offered as the basis of plaintiff's title, but to contradict the defendant.

9, 10. On the merits, we are satisfied, as was the jury, that defendant has failed to establish, by a preponderance of the evidence, that he acquired title by adverse possession. Indeed, before the statutory period had expired, defendant leased the property from plaintiff's predecessor in title. This is utterly inconsistent with a claim of ownership: *Minto* v. *Salem Water, Light & Power Co.,* 120 Or. 202 (250 Pac. 722). He was not in a position thus to acquire title as against his landlord, nor could he dispute the title of the person under whom he was holding. Plaintiff's title was based on mesne conveyances dating to 1864 which contain the description of the land that competent surveyors have testified is the identical property described in the complaint.

There are other assignments of error, but we deem them of minor importance. None of them would warrant a reversal. Defendant's appeal seems to have been predicated chiefly upon the alleged insufficiency of the description set out in the complaint. The judgment of the lower court is affirmed.

AFFIRMED.

RAND, C. J., and BEAN and BROWN, JJ., concur.